RANSOM GREENFIELD, Appellant, *v.* THE HOSPITAL ASSOCIATION OF THE CITY OF SCHENECTADY, Respondent.

Third Department, January 10, 1940.

*Schaffer & Sevits* [*H. W. Sevits* of counsel], for the appellant.

*Earl S. Jones* [*Laurence V. Benedict* of counsel], for the respondent.

BLISS, J. The complaint was dismissed by the Trial Term at the close of the plaintiff's case. Plaintiff had shown that he entered the hospital of the defendant to visit a relative who was a patient there. While sitting in the patient's room he felt a bit sick and stepped out through a pair of screen doors onto a fire escape to get some fresh air. As plaintiff stepped on it, the platform of the fire escape came loose from the side of the building and plaintiff was precipitated onto the fire escape landing of the floor below. There were no windows in the patient's room, the only light coming through a pair of French doors which lead onto the fire escape.

These doors were open and screen doors, which swung both ways hung in the doorway. There was no barrier and no signs on these screen doors and nothing to prevent free access from the patient's room to the fire escape landing. On the outside of the door which led from a hallway into the patient's room there was a sign bearing the legend " Emergency Exit " but this door was open and apparently the sign was not visible. In any event the plaintiff and his wife did not see the sign at the time they entered the room although they did see it there afterward.

The trial court dismissed the complaint upon the theory that the plaintiff was at best a bare licensee when he walked out on this fire escape and that to him the defendant owed no obligation other than to refrain from active negligence.

When the plaintiff entered the hospital to visit his sick relative he was a business visitor, an invitee to whom the defendant owed the duty of maintaining the premises in a reasonably safe condition. (Restatement, Torts, §§ 322, 343; *Johnsen* v. *Staten Island Hospital,* 265 N. Y. 658.) This status continued at least until he went out on the fire escape. It would seem that the open French doors and the unfastened screen doors, all affording unrestricted access to the fire escape, together with the absence of any barrier or warning sign, were an invitation to use the fire escape also and that the defendant should have realized that a visitor might well believe that he could use the fire escape for such a purpose as the plaintiff put it to. In any event the extent of the invitation was, in the view most unfavorable to the plaintiff, at least a question of fact which should have been submitted to the jury. It was error to hold as matter of law that he was a bare licensee and dismiss the complaint.

The order and judgment should be reversed and a new trial granted, with costs.

Hill, P. J., Crapser, Schenck and Foster, JJ., concur.

Order and judgment reversed on the law and facts and new trial granted, with costs to the appellant.