Charles Lambiase, J.
The above-entitled claims separately allege: ‘ ‘ This claim is for damages suffered by claimant by reason of the negligence of the State of New York, its officers, agents or employees, in connection with the construction, reconstruction, maintenance or failure to maintain, repair or failure to repair, of a roadway of the grounds of Rochester State Hospital, Rochester, New York, in the vicinity of Building 28, Rochester State Hospital, also known as Livingston Hall. This claim is also pred *7 icated upon the failure of the State of New York, its officers, agents or employees, to warn the claimant herein and other users of said roadway of holes and defects therein.” (Claim, par. 3.)
Phyllis A. Desmond, one of the claimants above named, sues for damages for personal injuries. Claimant, Fremont L. Desmond, is her husband, and his action is a derivative one for medical and surgical expense, for expense of hospital care and attention, for cost of X rays and medicines necessary and incurred in the treatment of his wife’s injuries, for loss of society and companionship of his wife, and for expense incurred for household help during the period of his wife’s incapacity.
These claims have been duly filed, have not been assigned, have not been submitted to any other officer or tribunal for audit or determination, and were tried together by stipulation.
On June 9, 1954 at or about 2:30 p.m. of that day, claimant, Phyllis A. Desmond, was lawfully on the grounds of the Rochester State Hospital, a hospital owned, maintained, and operated by the State of New York, for the purpose of calling upon her brother who was a patient therein. It was a regular visiting day at the institution. She had been driven in an auto to the hospital by a woman friend. Upon entering the hospital grounds, the automobile was at once driven to an area designated for parking. There they were informed by a patrolman employed by the hospital and who was supervising the parking of automobiles, that the area was filled up and he waved them toward the area, where the automobile was eventually parked, along the westerly side of a roadway on the hospital grounds and directly across the street from the main entrance to what is known as Livingston Hall in which the patient was housed.
Claimant, Phyllis A. Desmond, left said automobile by the right front door, went around the front end thereof — there were cars parked behind the automobile and close up to it —crossed the macadam roadway, and entered Livingston Hall. She visited a few minutes with her brother, and then returned to the automobile to get some photographs which she had wanted to take with her, but which she had forgotten. She crossed from the front porch of Livingston Hall to the left front door of the automobile and her woman companion, who was seated in the automobile, handed her the photographs. She then turned to her right, took a step with her right foot, stepped into a hole in the roadway pavement more particularly described hereinafter, and fell down on her right side fracturing her right arm at the elbow.
She was helped to her feet by the patrolman who was directing traffic at the parking area, and was thereafter taken by him to a doctor’s office in the hospital where she was given medical atten *8 tion. She returned to her home. Later that day she was attended by her own physician. On the day following the accident her arm was put in a cast at the Clifton Springs Sanatorium. She had this cast on her arm for a week with a sling, after which she used the sling alone for three weeks more. Several X rays were taken of the right arm and elbow, and therapeutic treatments were given the arm. For four weeks she was disabled from doing her household duties. A woman friend — the same one who drove her in the automobile to the hospital the day of her injury ■— helped her with the housework during the period of her disability, but no expense for the same was incurred and none was claimed upon the trial.
The hole involved in this accident was about two feet in diameter, about two feet long, and in depth ranged from one-fourth inch to two inches. It was about 10 feet from the curb against which the car was parked to the hole. Its presence and its location and dimensions were established by witnesses for claimants and also by employees of the State of New York. Also established was the fact that it had been there for several weeks, a period of time reasonably long enough, in our opinion, for the State to have had constructive, if not actual, notice thereof and within which to have repaired the same or at least to have given warning of its presence to lawful users of said roadway.
It was established that claimant and her driver were directed by the hospital patrolman at the parking area to park where the automobile eventually was parked, and that automobiles were permitted to be parked there at times when the parking area was filled up, and that the place of parking was in the view of the patrolman; that the area where the automobile was parked was being used that day for parking as the regular parking area was filled up; that the main sidewalk leading from the parking area and the administration building to the Livingston Hall building ended a few feet from the point where claimant fell; and that pedestrian travel was required to pass the roadway at that point. The place where claimant crossed the roadway was within the normal route for pedestrians crossing between the spot where the automobile was parked, a permitted parking point, and Livingston Hall, and also when they travelled to and from the administration building and Livingston Hall. Upon this record it was or should have been reasonably foreseeable, in the exercise of reasonable care, that there would be pedestrian traffic over the roadway at the point where claimant, Phyllis A. Desmond, fell.
Claimants urge that the State of New York owed a duty of reasonable care toward the claimant, Phyllis A. Desmond, and *9 that by virtue of that standard of care, she has established that the State, through its officers and employees, was negligent solely and proximately causing the accident described herein; and she asserts that she was free from any negligence which proximately caused or contributed to the happening of the accident described herein and of the resulting injuries to her. They maintain that they are entitled to recovery in accordance with their proof.
The State of New York, on the other hand, contends that the status of claimant, Phyllis A. Desmond, was that of a bare licensee while on the hospital grounds, and that as such she was entitled to expect from the State nothing more than an honest disclosure of the dangers known to it and which were likely to be undiscovered by her; that the hole in question was there to be seen and to be observed; and that, therefore, there was no duty due her on the part of the State concerning the same, and further that she was guilty of contributory negligence proximately causing the accident in not seeing the hole.
We agree with claimants in their contention. We find negligence on the part of the State of New York, its officers and employees, which negligence was the sole proximate cause of the accident described herein and of the damages resulting to claimants ; and we find no negligence on the part of claimants which proximately caused or contributed to the happening of said accident.
When claimant, Phyllis A. Desmond, entered the hospital grounds to visit her brother, a patient therein, she was a business visitor, an invitee to whom the State of New York owed the duty of maintaining the premises in a reasonably safe condition. (Greenfield v. Hospital Assn. of City of Schenectady, 258 App. Div. 352; Restatement, Torts, §§ 342-343; Johnsen v. Staten Is. Hosp., 265 N. Y. 658; 271 N. Y. 519.)
Other suspected injury to the right arm was not established upon the trial, and claimant Phyllis A. Desmond’s physician testified that she had completely recovered from her injury, and he was unable to testify with any degree of reasonable medical certainty that there would be any residual from the injury. As indicated, she was incapacitated for about four weeks. She was unable to do her housework during that period of time,"and she suffered phin necessarily incident to the nature of her injury. There was no loss of wages established. In our opinion, she has been damaged in the sum of $2,250, and we so find.
In view of our foregoing conclusion in the claim of Phyllis A. Desmond, it follows that her husband, Fremont L. Desmond, whose action is derivative of her action, must also recover. He incurred expense for X rays, for surgical and medical attention, *10 for surgical supplies, and for use of operating room in the total sum of $151.75. His wife was incapacitated as has hereinbefore been indicated, and he was deprived of her society and companionship for some time. We find that he has been damaged in the sum of $500.
Claimant, Phyllis A. Desmond, is entitled to recover against the State of New York the sum of $2,250; and claimant, Fremont L. Desmond, her husband, is entitled to recover against the State of New York the sum of $500.
The foregoing constitutes our written and signed decision. (Civ. Prac. Act, § 440.)
Let separate judgments be entered accordingly.