■ ISABEL MADRID, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered January 28, 1976, in favor of defendants after dismissal of the complaint at the conclusion of plaintiff's case, affirmed, without costs or disbursements. Plaintiff slipped on a wet terrazzo floor within minutes after the Bellevue Clinic opened at 8:00 A.M. There had been some precipitation during the early morning hours. However, on the instant record, the Trial Judge properly dismissed plaintiff's complaint in the absence of any evidence that the terrazzo floor was inherently dangerous or that the hospital had actual or constructive notice of its slippery condition. (Cf. *Miller v Gimbel Bros.,* 262 NY 107.) Concur—Murphy, J. P., Burns, Silverman and Yesawich, JJ.; Nunez, J., dissents in the following memorandum: In my view, the plaintiff made out a prima facie case and the trial court erred in dismissing her complaint at the end of her case. The plaintiff, a clinic patient at Bellevue Hospital, was injured when she slipped on the wet terrazzo floor at the inclined entrance to the clinic. On previous rainy days a mat was placed on the terrazzo floor, but it was missing on the day of the accident. Plaintiff's expert testified that it was the usual custom to use mats on rainy days to prevent accidents and that

this omission caused the accident. The record indicates that it had been raining for a considerable length of time before the accident and that when she fell, plaintiff's suit was wet from top to bottom. The defendants had recognized the dangers involved and had followed the usual custom in such cases by placing a mat at the entrance on rainy days. (See *Mayer v Cramer,* 239 App Div 408; *Gluck v Sunapee Realty Corp.,* 257 App Div 658; *Lefkowitz v 144 West Corp.,* 277 App Div 1143; *Pignatelli v Gimbel Bros.,* 309 NY 901.) Plaintiff was entering defendants' premises for treatment and thus was a business visitor *(Greenfield v Hospital Assn. of City of Schenectady,* 258 App Div 352), and the defendant was under the duty to maintain its entrance to the clinic in a reasonably safe condition. No actual notice of the fact that the mat was missing was necessary since it was the defendants' affirmative duty to provide it and, of course, the defendants, through their agents and employees at Bellevue, had actual notice that it had been raining prior to and at the time of the accident. Furthermore, the plaintiff's claim is that it was defendants' failure to provide the mat which caused the accident. That the floor was inherently dangerous without the mat had been previously recognized by the defendants. The plaintiff testified that she arrived at Bellevue around 8:30 A.M. and not "within minutes after the Bellevue Clinic opened at 8 A.M." as stated by the majority. I would reverse and remand for a new trial.