■ RITA MAGUIRE, Individually and as Administrator of the Estate of MICHAEL MAGUIRE, Deceased, Appellant, v SOUTHLAND CORPORATION, Doing Business as 7-ELEVEN, Respondent. [665 NYS2d 680] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 9, 1996, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish a prima facie case of negligence in a "slip and fall" case, the plaintiffs must demonstrate that the defendant either created the condition which caused the accident, or had actual or constructive notice of the dangerous condition and a reasonable time within which to correct it or warn about its ex-

istence (*see, Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670; *Madrid v City of New York,* 53 AD2d 517, *affd* 42 NY2d 1039). The only issue on this appeal involves constructive notice. To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit discovery and a remedy (*see, Lewis v Metropolitan Transp. Auth., supra,* at 249). Moreover, a "general awareness" that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused an injury (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 968).

The plaintiffs failed to submit admissible evidence that rain water had accumulated on the floor of the defendant's store for a sufficient length of time prior to the plaintiffs' decedent's accident, so as to charge the defendant with constructive notice of a dangerous condition. Without evidence legally sufficient to permit a jury to rationally infer that the defendant had constructive notice of a dangerous condition, the defendant cannot be held liable for failure to warn or to remedy the defect. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.