■ Samuel Greenwald, Appellant, v Gerritsen Foodtown Corporation, Doing Business as Foodtown Supermarket, Respondent. [686 NYS2d 323] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated December 22, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped on a wet substance in the entrance of a supermarket operated by the defendant. There was no evidence that the defendant either had actual notice of the wet condition of the floor prior to the plaintiff's accident, or that the alleged hazardous condition was visible, apparent, and existed for a sufficient length of time to constitute constructive notice (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). Moreover, contrary to the plaintiff's contention, the evidence was insufficient for a trier of fact to rationally infer that the defendant had actual notice of a recurring hazard such that it should be charged with constructive notice of each specific recurrence of the condition (*see, Mercer v City of New York,* 88 NY2d 955; *Piacquadio v Recine Realty Corp.,* 84 NY2d 967).

Finally, the plaintiff's contention that the defendant breached its duty of care by failing to follow its own policy of putting down mats in hazardous weather is without merit under the facts of this case (*see, Madrid v City of New York,* 53 AD2d 517, *affd* 42 NY2d 1039; *Pignatelli v Gimbel Bros.,* 285 App Div 625, *affd* 309 NY 901). Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.