■ CHRISTINE ARGENTINA et al., Appellants, v SOUTHLAND CORPORATION et al., Respondents. [698 NYS2d 909] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 3, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action arises from an incident in the defendants' store in which the plaintiff Christine Argentina slipped and fell in a puddle of what appeared to be water. Following the commencement of the action, the defendants moved for summary judgment based on the absence of notice of the allegedly hazardous condition.

On a motion for summary judgment dismissing the complaint based on lack of notice, a defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358; *Gordon v Waldbaum, Inc.,* 231 AD2d 673). In opposition, in order "[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the

condition" (*Bradish v Tank Tech Corp.*, 216 AD2d 505; *Gaeta v City of New York*, 213 AD2d 509).

The deposition testimony submitted by the defendants established the absence of notice as a matter of law. The evidence submitted by the plaintiffs in opposition to the motion failed to raise a triable issue of fact (*see,* CPLR 3212 [b]) as to whether the defendants either created the hazardous condition or had actual or constructive notice of the condition. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.