■ KIMBERLY SCHORTEMEYER et al., Appellants, v K-MART CORPORATION, INC., Defendant and Third-Party Plaintiff-Respondent. LARO MAINTENANCE CORPORATION, Also Known as LARO SERVICES SYSTEMS, INC., Third-Party Defendant. [707 NYS2d 495] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 18, 1999, as granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent payable by the appellants.

The infant plaintiff claims that she slipped and fell on an accumulation of water in the defendant's store. She testified at an examination before trial that she did not know what she slipped on. However, when she returned to the area some ten minutes after her fall, she saw the water for the first time.

The defendant established its prima facie entitlement to judgment as a matter of law. There was no indication that the defendant created the alleged dangerous condition or had actual or constructive notice thereof (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). The Supreme Court properly refused to consider the affidavits submitted in opposition to the motion, in which the affiants contradicted their own prior deposition testimony (*see, Breland v Flushing YMCA,* 245 AD2d 410). Therefore, the motion for summary judgment was properly granted (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.