■ GUILIO SENEGLIA, Respondent, v FPL FOODS, Doing Business as C-TOWN SUPERMARKET, Appellant. [709 NYS2d 842] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated August 12, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In this slip and fall case, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by presenting proof that it did not create, or have actual or constructive notice of, the defective condition which allegedly caused the plaintiff to fall (*see, Robinson v Lupo,* 261 AD2d 525; *Wauters v Shop Rite,* 244 AD2d 404; *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *see also, Wauters v Shop Rite, supra*). Since the plaintiff failed to proffer any evidence that the defendant had actual or constructive notice of the wet floor on which he fell, or had created the alleged dangerous condition, the Supreme Court should have granted the defendant's motion for summary judgment (*see, Smith v May Dept. Store Co.,* 270 AD2d 870; *O'Rourke v Wil-*

*liamson, Picket, Gross,* 260 AD2d 260; *Alatief v New York City Tr. Auth.,* 256 AD2d 371; *Puryear v New York City Hous. Auth.,* 255 AD2d 138; *Negron v St. Patrick's Nursing Home,* 248 AD2d 687; *Maguire v Southland Corp.,* 245 AD2d 347). O'Brien, J. P., Joy, Luciano and Schmidt, JJ.; concur.