■ UTIKA CHEMONT, Respondent, v PATHMARK SUPERMARKETS, INC., Appellant. [720 NYS2d 148] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 22, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was allegedly injured when she slipped and fell on a puddle of rain water on the floor of the vestibule of the

defendant's store. There was a severe and sudden thunderstorm in progress at the time that the plaintiff entered the store.

The defendant met its initial burden of showing, as a matter of law, that it did not create the dangerous condition which caused the accident, and did not have actual notice thereof (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838; *Negri v Stop & Shop,* 65 NY2d 625, 626). Moreover, to constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History, supra; Alatief v New York City Tr. Auth.,* 256 AD2d 371). The plaintiff failed to raise a triable issue of fact that the rain water had accumulated on the floor of the vestibule for a sufficient length of time before the plaintiff's fall so as to permit the defendant to discover and remedy the condition (*see, Seneglia v FPL Foods,* 273 AD2d 221; *Smith v May Dept. Store Co.,* 270 AD2d 870; *Maguire v Southland Corp.,* 245 AD2d 347).

Furthermore, the plaintiff failed to proffer any evidence that this was a recurrent dangerous condition, or that the defendant had actual knowledge of this allegedly recurrent dangerous condition (*see, Carlos v New Rochelle Mun. Hous. Auth.,* 262 AD2d 515; *Dwoskin v Burger King Corp.,* 249 AD2d 358; *Young v Fleary,* 226 AD2d 454). O'Brien, J. P., Krausman, Goldstein and Schmidt, JJ., concur.