■ ROBERT LYNCH, Appellant, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Respondent. [724 NYS2d 83] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 20, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established its entitlement to judgment as a matter of law. The plaintiff allegedly was injured when he slipped and fell on water in the hallway of the defendant's school. Contrary to the plaintiff's contentions, the record is devoid of any evidence that the defendant either had actual notice of the wet condition in the hallway or that the wet condition was visible, apparent, and existed for a sufficient length of time to constitute constructive notice (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Madrid v City of New York,* 42 NY2d 1039; *Marte v New York City Tr. Auth.,* 276 AD2d 755; *Cellini v Waldbaum, Inc.,* 262 AD2d 345).

Moreover, the plaintiff failed to raise a triable issue of fact as to whether the defendant had actual notice of a recurring hazard such that it should be charged with constructive notice of each specific reoccurrence of the condition (*see, Dember v Winthrop Univ. Hosp.,* 272 AD2d 431; *McDuffie v Fleet Fin. Group,* 269 AD2d 575; *Carlos v New Rochelle Mun. Hous. Auth.,* 262 AD2d 515).

Finally, the plaintiff's contention that the defendant breached its duty of care by failing to follow its own policy of putting down mats in hazardous weather is insufficient to defeat the defendant's motion for summary judgment (*see, Greenwald v Gerritsen Foodtown Corp.,* 260 AD2d 349). Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.