■ DAISY IRVING, Appellant, v FOODTOWN SUPERMARKET, INC., et al., Respondents. [734 NYS2d 76] —In an action to recover damages for personal injuries, the plaintiff appeals, as

limited by her brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated November 13, 2000, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendants made a prima facie showing of entitlement to judgment as a matter of law by establishing that they did not create or have actual or constructive notice of the debris on the sidewalk outside the exit of the supermarket (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Negri v Stop & Shop,* 65 NY2d 625). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the allegedly hazardous condition was visible and apparent for a sufficient length of time prior to the accident to permit the defendants' employees to discover and remedy it (*see, Gordon v American Museum of Natural History, supra*; *Kershner v Pathmark Stores,* 280 AD2d 583; *Chemont v Pathmark Supermarkets,* 279 AD2d 545; *Seneglia v FPL Foods,* 273 AD2d 221). The plaintiff submitted an affidavit in opposition to the motions for summary judgment wherein she stated for the first time that the debris was originally a liquid which had dried and, therefore, had been on the sidewalk a long period of time. However, the affidavit was clearly designed to avoid the consequences of the plaintiff's earlier deposition testimony in which she stated that she was not able to identify the debris (*see, Barretta v Trump Plaza Hotel & Casino,* 278 AD2d 262; *Gadonniex v Lombardi,* 277 AD2d 281; *Fontana v Fortunoff,* 246 AD2d 626; *Garvin v Rosenberg,* 204 AD2d 388; *Prunty v Keltie's Bum Steer,* 163 AD2d 595).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.