■ MARJORIE GOODING, Appellant, v WALDBAUM, INC., et al., Respondents. [750 NYS2d 650] —In an action to recover damages

for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), dated September 17, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562). Here, by the deposition testimony of two store managers, the defendants demonstrated that they neither created nor had actual or constructive notice of the alleged dangerous condition which caused the plaintiff's fall (*see Gordon v American Museum of Natural History,* 67 NY2d 836; *Becker v Waldbaum, Inc.,* 221 AD2d 396; *Cellini v Waldbaum, Inc.,* 262 AD2d 345). Therefore, the defendants' submissions were sufficient to make out a prima facie case for summary judgment (*see Zuckerman v City of New York, supra*).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Castello v Bellport Liq. Store,* 273 AD2d 337; *Argentina v Southland Corp.,* 266 AD2d 489; *Cellini v Waldbaum, Inc., supra*). The plaintiff submitted contradictory evidence as to the nature of the substance upon which she slipped, and submitted no evidence regarding how long the substance had been on the floor, or how it came to be there. Her contentions that the defendants created the condition or had actual or constructive notice of it prior to the accident were based upon conjecture and speculation (*see Moss v JNK Capital,* 211 AD2d 769, *affd* 85 NY2d 1005; *Becker v Waldbaum, Inc., supra*). Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.