■ TAMARA IZRAILOVA, Respondent, v REGO REALTY, LLC, Appellant. [766 NYS2d 91] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 17, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped and fell on a puddle of water on the marble floor near the elevator in a residential apartment building owned by the defendant. It had been raining for approximately 2½ hours before the accident. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, finding that an issue of fact existed as to whether the defendant had notice of the wet condition. We reverse.

To make out a prima facie case of negligence in a slip-and-fall case, a plaintiff must demonstrate that the defendant either created or had actual or constructive notice of the condition which caused the accident (*see Madrid v City of New York,* 42 NY2d 1039 [1977]; *Putnam v Stout,* 38 NY2d 607, 612 [1976]; *Pianforini v Kelties Bum Steer,* 258 AD2d 634, 635 [1999]; *Campbell v Great Atl. & Pac. Tea Co.,* 257 AD2d 642 [1999]).

In this case, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by presenting proof that it neither created nor had actual or constructive notice of the wet condition which allegedly caused the plaintiff to fall (*see Seneglia v FPL Foods,* 273 AD2d 221 [2000]). The plaintiff's contention that the defendant created the hazardous condition by failing to put down mats in inclement weather is insufficient to defeat the defendant's motion for summary judgment (*see Negron v St. Patrick's Nursing Home,* 248 AD2d 687 [1998]; *Kovelsky v City Univ. of N.Y.,* 221 AD2d 234 [1995])

Furthermore, the plaintiff failed to proffer any evidence dem-

onstrating either that the defendant had actual notice of the condition or that the condition was visible and apparent for a sufficient period of time to impute constructive notice to the defendant (*see Lynch v Middle Country Cent. School Dist.,* 283 AD2d 404 [2001]; *Chemont v Pathmark Supermarkets,* 279 AD2d 545 [2001]; *Dwoskin v Burger King Corp.,* 249 AD2d 358 [1998]). Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.