■ Joseph Glacy, Respondent, v 1109 Manhattan Avenue Housing Development Fund Corporation, Appellant. [777 NYS2d 662]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated September 12, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a resident of a men's shelter operated by the defendant, allegedly slipped and fell on a wet tile floor as he was returning to his room after taking a shower. The plaintiff had not noticed any wetness in the area on his way to the shower approximately 10 minutes earlier, nor did he observe anyone mopping or cleaning the floor prior to the accident.

By submitting evidence that it neither created the condition which allegedly caused the plaintiff to slip, nor had actual or constructive notice of that condition, the defendant established its prima facie entitlement to judgment as a matter of law, shifting the burden to the plaintiff to produce evidentiary proof in admissible form establishing the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327 [1986]; *DeLeon v Bluth,* 2 AD3d 771 [2003]). The plaintiff failed to do so. His observation of an employee of the defendant carrying a garbage bag shortly before the accident did not constitute evidence from which a jury could infer, without speculating, that the defendant either created the condition or had actual or constructive notice of it (*see Gatanas v Picnic Garden B.B.Q. Buffet House,* 305 AD2d 457 [2003]). Moreover, the plaintiff's deposition testimony that other building residents told him, after the accident, that the floor had recently been mopped was insufficient, as a matter of law, to raise a triable issue of fact (*see Lacagnino v Gonzalez,* 306 AD2d 250 [2003]; *Maniscalco v Liro Eng'g Constr. Mgt.,* 305 AD2d 378, 380 [2003]). Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.