■ THOMAS GWYN, Appellant, v 575 FIFTH AVENUE ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. INITIAL CLEANING, Third-Party Defendant-Respondent. [784 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated April 16, 2003, which granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint, granted that branch of the cross motion of the defendants which was for summary judgment dismissing the complaint, and denied his cross motion to strike the defendants' answer.

Ordered that the appeal from so much of the order as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

To make out a prima facie case of negligence in a slip-and-fall case, a plaintiff must demonstrate that a defendant either created or had actual or constructive notice of the condition that caused the accident (*see Madrid v City of New York,* 42 NY2d 1039 [1977]; *Izrailova v Rego Realty,* 309 AD2d 902 [2003]; *Anderson v Central Val. Realty Co.,* 300 AD2d 422 [2002]; *Rivas v 525 Bldg. Co.,* 293 AD2d 733, 734-735 [2002]; *Schortemeyer v K-Mart Corp.,* 272 AD2d 391 [2000]).

The defendants made a prima facie showing of entitlement to judgment as a matter of law by presenting proof that they neither created nor had actual or constructive notice of the wet condition that allegedly caused the plaintiff to fall (*see Seneglia v FPL Foods,* 273 AD2d 221 [2000]). In opposition, the plaintiff's contentions that the defendants created the hazardous condition by mopping or hosing down the floor where he fell three hours prior to his accident (*see Glacy v 1109 Manhattan Ave. Hous. Dev. Fund Corp.,* 8 AD3d 227 [2004]), or that the wet condition was caused by a nearby garden hose or slop sink (*see Weising v Fairfield Props.,* 6 AD3d 427 [2004]; *Picerno v New York City Tr. Auth.,* 4 AD3d 349 [2004]; *Pomerantz v Culinary Inst. of Am.,* 2 AD3d 821 [2003]), were speculative and thus insufficient to raise a triable issue of fact. In any event, there was no proof that the defendants, rather than their cleaning contractor, mopped the floor on the morning of the accident. "[G]eneral[ly] . . . , one who engages an independent contractor is not liable for the latter's negligence in performance" (*Pannone v Burke,* 149 AD2d 673, 675 [1989]; *see Chainani v Board of Educ. of City of N.Y.,* 201 AD2d 693, 695-696 [1994], *affd* 87

NY2d 370 [1995]; *cf. Thomassen v J & K Diner*, 152 AD2d 421 [1989]).

Moreover, the plaintiff failed to raise a triable issue of fact as to the length of time the wet condition existed, or whether it was visible and apparent, and thus did not satisfy the elements of constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Bluman v Freeport Union Free School Dist.*, 5 AD3d 341 [2004]; *Izrailova v Rego Realty, supra; Lynch v Middle Country Cent. School Dist.*, 283 AD2d 404 [2001]). Accordingly, the Supreme Court properly granted that branch of the cross motion of the defendants which was for summary judgment dismissing the complaint.

The Supreme Court also properly denied the plaintiff's cross motion to strike the defendants' answer (*see Decavallas v Pappantoniou*, 300 AD2d 617 [2002]; *Mohammed v 919 Park Place Owners Corp.*, 245 AD2d 351, 352 [1997]).

In light of the foregoing, we do not reach the parties' remaining contentions. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.