■ NICOLE BYNUM, Appellant, v WILLIE SALTER et al., Respondents. [787 NYS2d 882]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 22, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, her cross motion for leave to serve an amended bill of particulars.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants established their entitlement to judgment as a matter of law by presenting proof that they neither created nor had actual or constructive notice of the wet condition of the carpeting which allegedly contributed to the plaintiff's fall (*see Gwyn v 575 Fifth Ave. Assoc.,* 12 AD3d 403 [2004]; *Izrailova v Rego Realty,* 309 AD2d 902 [2003]; *Rodriguez v Kimco Centereach 605,* 298 AD2d 571 [2002]), and by demonstrating that the plaintiff, at her examination before trial, could not identify what caused her fall, other than by speculation.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Penn v Fleet Bank,* 12 AD3d 584 [2004]). She presented no evidence regarding the length of time the wet condition existed, or whether it was visible and apparent, and thus did not satisfy the elements of constructive notice (*see Gwyn v 575 Fifth Ave. Assoc., supra; Izrailova v Rego Realty, supra* at 903). The plaintiff's conjecture in this regard was insufficient to defeat the motion for summary judgment (*see Gooding v Waldbaum, Inc.,* 300 AD2d 282, 283 [2002]; *Becker v Waldbaum, Inc.,* 221 AD2d 396 [1995]). In any event, the mere fact that the carpet was wet was insufficient to establish the existence of a dangerous condition (*see Cavorti v Winston,* 307 AD2d 1018, 1019 [2003]; *Sadowsky v 2175 Wantagh Ave. Corp.,* 281 AD2d 407 [2001]).

In light of our determination, the plaintiff's contentions with respect to her cross motion have been rendered academic.

The plaintiff's remaining contention is not properly before this Court. Santucci, J.P., Crane, Skelos and Lifson, JJ., concur.