■ WILLIAM G. BOSMAN, Respondent, v RECKSON FS LIMITED PARTNERSHIP, Appellant, et al., Defendant. (And a Third-Party Action.) [790 NYS2d 201]—

In an action to recover damages for personal injuries, the defendant Reckson FS Limited Partnership appeals from an order of the Supreme Court, Suffolk County (Catterson, J.), dated March 11, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied the motion of the defendant Reckson FS Limited Partnership (hereinafter Reckson) for summary judgment dismissing the complaint insofar as asserted against it. We affirm, but for reasons other than those cited by the Supreme Court. In order for Reckson to have established its prima facie entitlement to judgment as a matter of law, it needed to submit evidence that it neither created the condition which allegedly caused the plaintiff to slip and fall, nor had actual or constructive notice of that condition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Glacy v 1109 Manhattan Ave. Hous. Dev. Fund Corp.*, 8 AD3d 227 [2004]; *DeLeon v Bluth*, 2 AD3d 771 [2003]). Reckson failed in this respect. Therefore, the burden never shifted to the plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact as to the creation of the defect or notice thereof (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The parties' remaining contentions have been rendered academic in light of our determination. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.