■ BARRY TODD, Appellant, v CITY OF NEW YORK, Respondent. [797 NYS2d 544]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond

County (Mega, J.), dated May 10, 2004, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To make out a prima facie case of negligence in a slip-and-fall case, a plaintiff must demonstrate that a defendant either created or had actual or constructive notice of the condition that caused the accident (*see Gwyn v 575 Fifth Ave. Assoc.*, 12 AD3d 403 [2004]; *Izrailova v Rego Realty*, 309 AD2d 902 [2003]).

The defendant established its prima facie entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact. Even if, as the plaintiff contends, his fall was caused by oil and grease on the floor of a New York City Sanitation Department garage, nothing in the record suggests that the defendant either affirmatively created any particular pool of grease or oil that allegedly caused the plaintiff's fall, or had actual or constructive notice of the condition and a reasonable time to correct it or warn of its existence (*see Mercer v City of New York*, 88 NY2d 955, 956 [1996]).

The plaintiff's remaining contentions are either academic in light of our determination or unpreserved for appellate review. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.