■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY THORPE, Appellant. [813 NYS2d 912]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), dated September 8, 2004, which, upon his consent, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw is granted (see Anders v California, 386 US 738 [1967]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.

■ RASIM PEYGUMBARI, Respondent, v FOREST PLAZA ASSOCIATES, Appellant. [814 NYS2d 746]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated November 12, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped on a patch of oil and fell while working on the roof of a building owned by the defendant. In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the defendant either created the patch of oil, or had actual or constructive notice of the condition and a reasonable time to correct it or warn of its existence (see Todd v City of New York, 19 AD3d 587 [2005]; Gwyn v 575 Fifth Ave. Assoc., 12 AD3d 403, 404 [2004]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.