■ SANTA LeBRON, Appellant, v H.E.L.P. I OF NEW YORK et al., Respondents. [817 NYS2d 106]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 22, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied her cross motion for leave to amend her bill of particulars.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint as the defendants established their entitlement to judgment as a matter of law by showing that they had no actual or constructive notice that the exterior stairway was wet, or that they had created the condition which allegedly caused the plaintiff's fall (*see Gwyn v*

*575 Fifth Ave. Assoc.*, 12 AD3d 403 [2004]; *Gonzalez v Jenel Mgt. Corp.*, 11 AD3d 656 [2004]; *Izrailova v Rego Realty*, 309 AD2d 902 [2003]; *Price v EQK Green Acres*, 275 AD2d 737 [2000]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff's assertion, in her affidavit in opposition to the motion, that "[i]f there had been more light on the stair case I believe it would have been easier for me to see that the staircase was wet and I would not have fallen," is inconsistent with her earlier deposition testimony that she held onto the railing because she saw that the first step was wet before she stepped onto it. This assertion appeared designed to raise feigned factual issues in an effort to avoid the consequences of the plaintiff's earlier admissions (*see Israel v Fairharbor Owners, Inc.*, 20 AD3d 392 [2005]; *Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]; *Semple v Sterling Estates*, 300 AD2d 297 [2002]; *Appell v State Farm Ins. Co.*, 292 AD2d 407 [2002]).

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.