■ HORACE CUNNINGHAM, Appellant, v BAY SHORE MIDDLE SCHOOL et al., Respondents. [865 NYS2d 691]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County, (R. Doyle, J.), dated March 27, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he slipped and fell on a wet hallway floor in the defendant Bay Shore Middle School. The plaintiff commenced this personal injury action against the Bay Shore Middle School and the defendant Bay Shore Union Free School District alleging, inter alia, that the defendants' employees created the wet condition by mopping the floor.

To establish a prima facie case of negligence, a plaintiff in a slip-and-fall action must demonstrate that the defendant either created the condition that caused the accident, or had actual or constructive notice thereof (*see Luciani v Waldbaum, Inc.*, 304 AD2d 537 [2003]; *Goldman v Waldbaum, Inc.*, 297 AD2d 277 [2002]). The defendants made a prima facie showing of entitlement to judgment as a matter of law by presenting proof that they neither created nor had actual or constructive notice of the wet condition that allegedly caused the plaintiff to fall (*see Gwyn v 575 Fifth Ave. Assoc.*, 12 AD3d 403, 404 [2004]; *Seneglia v FPL Foods*, 273 AD2d 221 [2000]). In opposition, the plaintiff, who speculated that the defendants' employees created the wet condition by mopping the floor within 15 minutes immediately preceding his fall (*see Glacy v 1109 Manhattan Ave. Hous. Dev. Fund Corp.*, 8 AD3d 227 [2004]), failed to raise a triable issue of fact (*see Gwyn v 575 Fifth Ave. Assoc.*, 12 AD3d at 404). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Fisher, J.P., Covello, McCarthy and Leventhal, JJ., concur.