Koutsiaftis v Alliance Parking Servs., LLC (2019 NY Slip Op 06762)





Koutsiaftis v Alliance Parking Servs., LLC


2019 NY Slip Op 06762


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-11991
2017-03059
 (Index No. 6021/12)

[*1]Sofia Koutsiaftis, appellant, 
v
Alliance Parking Services, LLC, etc., et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (Celeste Cohen and James Baez of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Marcia K. Raicus and Louise M. Cherkis of counsel), for respondents Alliance Parking Services, LLC, and Atlantic Ave. Parking, LLC.
Lifflander & Reich LLP, New York, NY (Kent B. Dolan and Roman E. Gitnik of counsel), for respondent Hertz Corporation.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated October 12, 2016, and (2) a judgment of the same court dated December 22, 2016. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Hertz Corporation and the defendants Alliance Parking Services, LLC, and Atlantic Ave. Parking, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them. The judgment, insofar as appealed from, upon so much of the order as granted that branch of the motion of the defendants Alliance Parking Services, LLC, and Atlantic Ave. Parking, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, is in favor of the defendants Alliance Parking Services, LLC, and Atlantic Ave. Parking, LLC, and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Alliance Parking Services, LLC, and Atlantic Ave. Parking, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On August 10, 2011, the plaintiff allegedly was injured when she slipped and fell in [*2]a parking garage leased by the defendants Alliance Parking Services, LLC, and Atlantic Ave. Parking, LLC (hereinafter together Alliance). Alliance subleased a portion of the garage to the defendant Hertz Corporation (hereinafter Hertz). Pursuant to the terms of the lease and the sublease, Alliance was solely responsible for repairs and maintenance of the subject premises. The plaintiff commenced this action against Alliance and Hertz to recover damages for personal injuries she allegedly sustained in the accident. At her deposition, the plaintiff testified that she slipped and fell on a spot of oil on the floor of the garage, which she believed may have come from either a vehicle in the garage or a leaking ceiling pipe.
Hertz and Alliance separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated October 12, 2016, the Supreme Court, among other things, granted those branches of the separate motions. Subsequently, the court issued a judgment dated December 22, 2016, in favor of Alliance and against the plaintiff, inter alia, dismissing the complaint insofar as asserted against Alliance. The plaintiff appeals from the order and the judgment.
The appeal from so much of the order as granted that branch of Alliance's motion which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dismissing the complaint insofar as asserted against Alliance (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The Supreme Court properly granted that branch of Hertz's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Hertz established, prima facie, that the area where the accident allegedly occurred was part of the garage's common parking area, the maintenance of which was the sole responsibility of Alliance (see Henriquez v Inserra Supermarkets, Inc., 89 AD3d 899, 900). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of Alliance's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "Liability can be imposed upon a landowner or a lessee who creates a dangerous condition on the property, or had actual or constructive notice of the dangerous condition" (Springer v Washington Mut. Bank, 114 AD3d 928, 929; see Sanchez v 1710 Broadway, Inc., 79 AD3d 845, 846). "To constitute constructive notice, a dangerous condition must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it'" (Gauzza v GBR Two Crosfield Ave. LLC, 133 AD3d 710, 711, quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, Alliance's submissions, including the affidavit of its expert, established, prima facie, that the ceiling pipe was not the source of the oil upon which the plaintiff slipped and that Alliance did not create or have actual notice of the allegedly dangerous condition. Additionally, the evidence demonstrated that Alliance did not have constructive notice of the allegedly dangerous condition (see Gurley v Rochdale Vil., Inc., 137 AD3d 749, 749-750; Peygumbari v Forest Plaza Assoc., 29 AD3d 768; Todd v City of New York, 19 AD3d 587, 588; see also Gordon v American Museum of Natural History, 67 NY2d at 837-838). In opposition, the plaintiff failed to raise a triable issue of fact.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court