■ Blanche Galietta, Respondent, v New York Sports Club et al., Appellants. [771 NYS2d 695]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Gigante, J.), dated March 21, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained injuries as a result of a slip and fall on spilled liquid while descending a staircase within the defendants' premises. The defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact regarding whether the defendants created or had actual notice of the allegedly dangerous condition (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Yearwood v Cushman & Wakefield,* 294 AD2d 568, 568-569 [2002]; *cf. Petri v Half Off Cards,* 284 AD2d 444 [2001]). Moreover, there was no evidence that the defendant had constructive notice of the condition. In the absence of proof as to how long the liquid was on the stair, no inference may be drawn that the defendants had constructive notice thereof (*see Yearwood v Cushman & Wakefield, supra* at 569). Even if the defendants had a general awareness of spilled liquid on the stair, this would be insufficient to establish constructive notice of the particular condition which caused the plaintiff to slip and fall (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Gloria v MGM Emerald Enters.,* 298 AD2d 355, 356 [2002]).

Accordingly, as no evidence was presented to establish that the defendants had either actual or constructive notice of the allegedly hazardous condition that caused the plaintiff to slip and fall, the complaint must be dismissed (*see Gloria v MGM Emerald Enters., supra*). Florio, J.P., H. Miller, and Schmidt, JJ., concur.

Crane, J., concurs in the result, with the following memorandum: I separately concur on constraint of *Gloria v MGM Emerald Enters.* (298 AD2d 355 [2002]).