■ MARGARITA MORALES et al., Respondents, v SHELTER EXPRESS CORPORATION et al., Respondents, CITY OF NEW YORK, Appellant, et al., Defendant. [808 NYS2d 904]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 22, 2004, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant City of New York, and the action against the remaining defendants is severed.

The plaintiffs do not allege that the City of New York created a defective condition in the glass of a bus shelter where an accident occurred. Thus, in order to establish a prima facie case, the plaintiffs had to demonstrate that the City had actual or constructive notice of the defective condition and a sufficient opportunity to remedy the situation (*see Mercer v City of New York*, 223 AD2d 688, 690 [1996], *affd* 88 NY2d 955 [1996]; *Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 249 [1984], *affd* 64 NY2d 670 [1984]). In response to the City's prima facie showing of entitlement to judgment as a matter of law that it had no actual or constructive notice of the defective condition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Thus, the City was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The parties' remaining contentions either need not be reached in light of this determination or are without merit. Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.