■ Rocco Panetta, Appellant, v Phoenix Beverages, Inc., Respondent, and Neresco Properties, Inc., Defendant. [816 NYS2d 122]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated December 3, 2004, which granted the motion of the defendant Phoenix Beverages, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

To establish a prima facie case of negligence in a slip-and-fall case, a plaintiff must show that the defendant either created the condition which caused the accident, or that it had actual or constructive notice of the condition (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Todd v City of New York*, 19 AD3d 587 [2005]; *Gonzalez v Jenel Mgt. Corp.*, 11 AD3d 656 [2004]). Here, even if the plaintiff's fall was caused by oil and grease on the floor of the recycling facility operated by the defendant Phoenix Beverages, Inc. (hereinafter Phoenix), Phoenix established its entitlement to judgment as a matter of law by submitting evidence demonstrating that it neither created nor had actual or constructive notice of this particular condition (*see Mercer v City of New York*, 88 NY2d 955 [1996]; *Todd v City of New York, supra; Scheer v Pathmark Stores*, 6 AD3d 520 [2004]; *Resnick v Waldbaums Supermarket*, 289 AD2d 385 [2001]; *Lombardo v Island Grill Diner*, 276 AD2d 532 [2000]). In opposition to the motion, the plaintiff relied on evidence which merely showed that Phoenix had a general awareness that oil could leak from trucks entering the recycling facility. This evidence was insufficient to charge Phoenix with constructive notice of the particular oil or grease spot which allegedly caused the plaintiff's fall on a theory that it had actual notice of a recurrent dangerous condition (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Mercer v City of New York, supra; Piacquadio v Recine Realty Corp., supra; Herrera v Felice Realty Corp.*, 22 AD3d 723 [2005]; *Crawford v AMF Bowling Ctrs., Inc.*, 18 AD3d 798 [2005]). Accordingly, the Supreme Court properly granted Phoenix's motion for summary judgment. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.