■ TINA LAI GALLAIS-PRADAL, Appellant, v YWCA OF BROOKLYN, Respondent. [822 NYS2d 314]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated May 2, 2005, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for sanctions against the defendant for spoliation of evidence.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a puddle of water in the women's locker room of the defendant's premises. The defendant met its initial burden of making a prima facie showing that it did not create or have actual or constructive notice of the alleged defect (*see Marino v Stop & Shop Supermarket Co.*, 21 AD3d 531, 532 [2005]; *Galietta v New York Sports Club*, 4 AD3d 449 [2004]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the defendant's general awareness that the locker room floor where the plaintiff fell, which was in close proximity to the showers and a swimming pool, sometimes became wet, was insufficient to provide notice of the specific wet condition which caused the plaintiff to fall (*see Berzon v D'Agostino Supermarkets, Inc.*, 15 AD3d 600 [2005]; *Gloria v*

*MGM Emerald Enters.*, 298 AD2d 355, 356 [2002]; *Kraemer v K-Mart Corp.*, 226 AD2d 590, 591 [1996]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.