■ Deborah Baxter, Respondent, v Jackson Terrace Associates, LLC, Appellant. [842 NYS2d 78]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered January 8, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff fell down the stairs in her apartment building, which was owned by the defendant, when her right foot allegedly became stuck in a sticky and gooey substance, causing her to fall forward. The defendant established its prima facie entitlement to summary judgment dismissing the complaint by showing, as a matter of law, that it did not create or have actual or constructive notice of the allegedly dangerous condition that caused the accident (*see Gordon v American Museum of Natural*

*History,* 67 NY2d 836, 837 [1986]; *Marinelli v Regal Cinemas,* 40 AD3d 1052 [2007]; *Chemont v Pathmark Supermarkets,* 279 AD2d 545 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. She offered no evidence concerning how long the alleged hazard existed prior to the accident. Her new allegation, offered for the first time in opposition to the defendant's motion, that she fell because of garbage on the steps, was insufficient to raise a triable issue of fact because it was clearly an attempt to avoid the consequences of her deposition testimony by raising a feigned factual issue (*see Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256 [1997]). Therefore, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.