■ DONNA EDWARDS, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [851 NYS2d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated September 18, 2006, which granted the motion of the defendants Port Authority of New York and New Jersey and Jetblue Airways Corporation, and the separate motion of the defendant Roma Cleaning, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a wet floor in an airline terminal owned by the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority), managed by the defendant Jetblue Airways Corporation (hereinafter Jet Blue), and maintained by the defendant Roma Cleaning, Inc. (hereinafter Roma Cleaning). According to the plaintiff, she did not see any water before the accident, but after she fell her clothing was wet and she observed a puddle of water on the floor. She subsequently commenced this action against the Port Authority, Jet Blue, and Roma Cleaning, alleging, inter alia, that they acted negligently by permitting the floor to remain wet and slippery. The Port Authority and Jet Blue moved for summary judgment dismissing the complaint insofar as asserted against them, and Roma Cleaning separately moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted both motions, finding that Roma Cleaning and Jet Blue did not create or have actual or constructive notice of the wet floor, and that the Port Authority was an out-of-possession landlord not liable for injuries sustained on the premises.

The deposition testimony submitted in support of the motions, indicating that the floors were cleaned and monitored regularly by Roma Cleaning and Jet Blue personnel, established, prima facie, that those defendants did not create or have actual or constructive notice of the alleged hazard (see *Grant v Radamar Meat,* 294 AD2d 398 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to those two defendants. Moreover, there were no triable issues of fact raised with respect to the Port Authority. Accordingly, the Supreme Court properly granted the defendants' motions. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.