(April 24, 2008)

■ MARLENE SMITH, Respondent, v COSTCO WHOLESALE CORPORATION, Appellant. [856 NYS2d 573]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered July 27, 2007, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

It is a well-established principle of law that a landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, which include the likelihood of injury to a third party, the potential that such an injury would be of a serious nature, and the burden of avoiding the risk (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *Zuk v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 275 [2005]). In order to subject a property owner to liability for a hazardous condition on its premises, a plaintiff must demonstrate that the owner created, or had actual or constructive notice of the dangerous condition which precipitated the injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Alexander v New York City Tr.*, 34 AD3d 312, 313 [2006]). In the case of actual or constructive notice, plaintiff must also show that the owner had a sufficient opportunity, with the exercise of reasonable care, to remedy the situation (*Aquino v Kuczinski, Vila & Assoc., P.C.*, 39 AD3d 216, 219 [2007]; *Morales v Shelter Express Corp.*, 26 AD3d 420 [2006]).

A defendant who moves for summary judgment in a slip-and-fall action has the initial burden of making a prima facie demonstration that it neither created the hazardous condition, nor had actual or constructive notice of its existence (*Manning v Americold Logistics, LLC*, 33 AD3d 427 [2006]; *Mitchell v City of New York*, 29 AD3d 372, 374 [2006]). Once a defendant establishes prima facie entitlement to such relief as a matter of law, the burden shifts to plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof (*Kesselman v Lever House Rest.*, 29 AD3d 302, 303-304 [2006]; *Bosman v Reckson FS Ltd. Partnership*, 15 AD3d 517 [2005]).

In the matter before us, the deposition testimony of defendant's senior administrative manager and the documentary evidence submitted by defendant demonstrate that the bathrooms were cleaned and monitored regularly by defendant's personnel, that no problems were noted during the inspection prior to plaintiff's fall, and that inspections conducted after the incident indicated no foreign substance or liquid on the bathroom floor,

no bucket and mop were present in the bathroom, and no plumbing problems existed. As a result, we find that defendant shouldered its burden of making a prima facie showing that it neither created the hazardous condition, nor had notice of it (*see Edwards v Port Auth. of N.Y. & N.J.*, 48 AD3d 405 [2008]; *Resto v 798 Realty, LLC*, 28 AD3d 388 [2006]).

In contrast, plaintiff's deposition testimony provides nothing more than mere speculation as to the cause of the accident and offers nothing to indicate that defendant created or had notice of the hazard. Indeed, plaintiff testified that she "assume[d]" and "think[s]" she fell because the floor was wet, had no idea how long the water was on the floor or how it got there, and did not notice any debris on the floor. Accordingly, plaintiff has failed to establish that an issue of fact exists as to defendant's liability (*see Rudner v New York Presbyt. Hosp.*, 42 AD3d 357, 358 [2007]; *Kane v Estia Greek Rest.*, 4 AD3d 189, 190-191 [2004]). To the extent that plaintiff's correction sheet to her deposition testimony, and her affidavit in opposition to defendant's motion, now indicate that she did, in fact, see water and debris on the bathroom floor, as well as a mop, bucket and caution sign in the corner of the bathroom, we can only consider such statements to have been tailored to avoid the consequences of her earlier testimony and are, therefore, insufficient to raise a triable issue of fact (*see Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 383 [2007]; *Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404 [2001], *lv denied* 97 NY2d 610 [2002]). We further note that plaintiff's correction sheet lacked a statement of reasons for making the corrections to her deposition testimony and the reason proffered in plaintiff's affidavit in opposition, that she was not asked questions which would have elicited the information in the corrected responses, is unpersuasive (*see Rodriguez v Jones*, 227 AD2d 220 [1996]). Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.