■ Aamir Waheed et al., Respondents, v Valley Stream Central High School District, Appellant, et al., Defendant. [865 NYS2d 132]—

In an action to recover damages for personal injuries, etc., the defendant Valley Stream Central High School District appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated October 18, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Valley Stream Central High School District for summary judgment dismissing the complaint insofar as asserted against it is granted.

The infant plaintiff allegedly slipped and fell on dust and debris on a gym floor during an afterschool volleyball practice. The infant plaintiff and his father, derivatively, commenced this action against the defendant Valley Stream Central High School District (hereinafter the defendant), and Valley Stream South High School. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create or have actual or constructive notice of the alleged hazard.

The defendant established its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the alleged hazard which proximately caused the infant plaintiff to fall (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Baxter v Jackson Terrace Assoc., LLC, 43 AD3d 968 [2007]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. General awareness that dust collects on the gymnasium floor is insufficient to charge the defendant with constructive notice of the specific condition which caused the infant plaintiff to fall (see Gallais-Pradal v YWCA of Brooklyn, 33 AD3d 660 [2006]; Panetta v Phoenix Beverages, Inc., 29 AD3d 659 [2006]; Paolucci v First Natl. Supermarket Co., 178 AD2d 636 [1991]). The plaintiffs' contention that the dust and debris that the infant plaintiff saw earlier in the evening were identical to the dust and debris that had caused him to fall was pure speculation (see Frazier v City of New York, 47 AD3d 757 [2008]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.