■ MARIA BARRERA, Appellant, v CITY OF NEW YORK et al., Respondents. [876 NYS2d 150]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered August 20, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Celina Barrera (hereinafter Celina), an infant, allegedly sustained injuries when she slipped and fell while descending a staircase at her elementary school. Celina's mother, both on Celina's behalf and derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint contending, inter alia, that they did not create or have actual or constructive notice of the alleged condition that caused Celina to fall. The Supreme Court granted the motion and we affirm.

Assuming that Celina slipped and fell on cake frosting left on the staircase, as she testified at the hearing pursuant to General Municipal Law § 50-h, the defendants established, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of it (*see Deveau v CF Galleria at White Plains, LP*, 18 AD3d 695 [2005]; *Padilla v White*

*Plains City School Dist.*, 266 AD2d 442 [1999]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The evidence adduced by the plaintiff failed to show that the condition that Celina allegedly saw earlier on the day of her accident was the same condition which allegedly caused her to fall (*see Waheed v Valley Stream Cent. High School Dist.*, 54 AD3d 1028 [2008]; *Frazier v City of New York*, 47 AD3d 757 [2008]). Additionally, even if the school held a bake sale on the day of the accident, as the plaintiff alleged at the hearing held pursuant to General Municipal Law § 50-h, the defendants' general awareness that bake-sale items might fall on the school premises was insufficient to establish constructive notice of the particular condition which allegedly caused Celina's fall (*see Berzon v D'Agostino Supermarkets, Inc.*, 15 AD3d 600 [2005]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.