◼ CAROL ADAMS, Appellant, v WEST HARLEM GROUP ASSISTANCE, INC., Defendant and Third-Party Plaintiff-Respondent. TRUSTEES OF COLUMBIA UNIVERSITY IN CITY OF NEW YORK, Third-Party Defendant-Respondent. [888 NYS2d 433]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Cullen, J.), entered May 16, 2008, which, upon an order of the same court entered May 1, 2008, inter alia, granting the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, and the separate motion of the third-party defendant for summary judgment dismissing the complaint and the third-party complaint, is in favor of the defendant third-party plaintiff and against her, dismissing the

complaint, and is in favor of the third-party defendant and against the defendant third-party plaintiff, dismissing the third-party complaint.

Ordered that the appeal from so much of the judgment as is in favor of the third-party defendant and against the defendant third-party plaintiff dismissing the third-party complaint, is dismissed, as the plaintiff is not aggrieved by that portion of the judgment (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff and the third-party defendant.

. The plaintiff allegedly was injured when she slipped and fell on grease that spilled on a kitchen floor inside the building where she worked. The defendant third-party plaintiff and the third-party defendant established their prima facie entitlement to judgment as a matter of law by demonstrating that the defendant third-party plaintiff neither created nor had actual or constructive notice of the allegedly dangerous condition that caused the plaintiff to fall (see Panetta v Phoenix Beverages, Inc., 29 AD3d 659, 660 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (see Fedida v Conte Cadillac, 258 AD2d 437 [1999]). Accordingly, the Supreme Court properly granted the defendant third-party plaintiff's motion for summary judgment dismissing the complaint, and properly granted that branch of the third-party defendant's motion which was for summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur. [See 2008 NY Slip Op 31257(U).]