CAROLYN CRAPANZANO, Appellant, v BALKON REALTY CO., Respondent. [890 NYS2d 355]—

The plaintiff allegedly slipped and fell on liquid on an interior staircase of a building owned by the defendant. She did not see any liquid on the staircase before she fell. After she fell, she observed that her clothing was wet and that there was liquid on one of the steps.

A defendant owner who moves for summary judgment in a "slip-and-fall" case has the initial burden of making a prima

facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see DeLeon v Westhab, Inc.*, 60 AD3d 888 [2009]; *Sloane v Costco Wholesale Corp.*, 49 AD3d 522 [2008]; *Grant v Radamar Meat*, 294 AD2d 398 [2002]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged hazardous condition or have actual or constructive notice of it (*see Edwards v Port Auth. of N.Y. & N.J.*, 48 AD3d 405 [2008]; *Arrufat v City of New York*, 45 AD3d 710 [2007]; *Green v City of New York*, 34 AD3d 528 [2006]; *Katz v Seminole Realty Corp.*, 10 AD3d 386 [2004]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). The assistant superintendent of the building inspected the staircase on a regular basis, and he did not see any liquid on the staircase or receive any complaints about the condition of the staircase prior to the accident. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.