■  Jewel Waterman, Appellant, v New York University, Respondent. [894 NYS2d 771]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 6, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is an employee of a food service company which was contracted by the defendant New York University to operate a cafeteria located in one of its residence halls. The plaintiff alleges that on January 17, 2006, shortly after he reported for work in the cafeteria, he slipped on a spot of grease on the floor of the kitchen near the grill section, and was injured.

In support of its motion for summary judgment dismissing the complaint, the defendant established its prima facie entitle-

ment to judgment as a matter of law by submitting evidence which demonstrated that it neither created the alleged dangerous condition nor had actual or constructive notice thereof for a sufficient length of time to remedy it (*see Adams v West Harlem Group Assistance, Inc.*, 67 AD3d 831 [2009]; *Pinto v Metropolitan Opera*, 61 AD3d 949 [2009]; *Sloane v Costco Wholesale Corp.*, 49 AD3d 522 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. The fact that the defendant was previously made aware that grease tended to drip from an overhead grill vent hood is insufficient to establish constructive notice of the particular grease condition on the floor which allegedly caused the plaintiff to slip and injure himself (*see Panetta v Phoenix Beverages, Inc.*, 29 AD3d 659 [2006]; *see also Pinto v Metropolitan Opera*, 61 AD3d 949 [2009]; *Waheed v Valley Stream Cent. High School Dist.*, 54 AD3d 1028 [2008]; *Gallais-Pradal v YWCA of Brooklyn*, 33 AD3d 660 [2006]; *cf. Kohout v Molloy Coll.*, 61 AD3d 640 [2009]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.