■ GRECIA E. SLINTAK, Appellant, v PRICE CHOPPER SUPERMARKETS et al., Respondents. [916 NYS2d 528]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Lubell, J.), dated November 23, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by establishing that they did not create the hazardous condition upon which the plaintiff alleg-

edly slipped, or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Martinez v Khaimov*, 74 AD3d 1031 [2010]; *Crapanzano v Balkon Realty Co.*, 68 AD3d 1042 [2009]). The defendants' employee testified that she inspected the area where the plaintiff fell approximately 15 minutes before the accident, and observed no hazards (*see Mantzoutsos v 150 St. Produce Corp.*, 76 AD3d 549 [2010]; *Mauge v Barrow St. Ale House*, 70 AD3d 1016 [2010]; *Crapanzano v Balkon Realty Co.*, 68 AD3d 1042 [2009]; *Yacovelli v Pathmark Stores, Inc.*, 67 AD3d 1002 [2009]; *Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d 629 [2009]; *Collins v Mayfair Super Mkts., Inc.*, 13 AD3d 330 [2004]). The plaintiff failed to raise a triable issue of fact in opposition to the defendants' showing in this regard.

Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint. Florio, J.P., Eng, Belen and Austin, JJ., concur.