■ JEFFERY BREWER et al., Respondents, v STONEHILL & TAYLOR ARCHITECTS, Respondent-Appellant, and R.P. BRENNAN, Appellant-Respondent. [940 NYS2d 55]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered March 30, 2011, which denied defendants Stonehill & Taylor Architects' and R. P. Brennan's motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

Defendants established prima facie that they did not create the allegedly dangerous condition that precipitated plaintiff's injuries, i.e., a piece of molding on the floor near the freight elevator, or have actual or constructive notice of it (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500 [2008]). Stonehill's president and Brennan's project manager both testified that Brennan completed the work it had been hired by Stonehill to do on December 13, 2007, about two weeks before plaintiff's accident, and that an inspection performed at that time found no loose molding or other material on the premises. Stonehill's president was present on the day of plaintiff's accident and observed nothing on the floor near the freight elevator. Indeed, plaintiff himself had been working in the area for 1 1/2 hours before he fell, and it was only after the accident that he saw the molding for the first time. There is no evidence in the record as to how long the molding had been there.

Plaintiff's testimony that he saw workers in the area of the freight elevator before his accident but did not know who they were or what they were doing is insufficient to defeat defendants' motions. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30736(U).]**