In an action to recover damages for personal injuries, etc., the defendant Incorporated Village of Garden City appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered July 27, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Incorporated Village of Garden City for summary judgment dismissing the complaint insofar as asserted against it is granted.
On February 17, 2010, at about 9:30 p.m., the plaintiff Anthony Berardi (hereinafter the injured plaintiff) allegedly slipped and fell on top of an interior set of steps which was wet, shiny, and slippery. As a result, the plaintiff and his wife, suing derivatively, commenced this action against, among others, the Incorporated Village of Garden City, which owned the premises. The Village moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged hazardous condition which caused the fall or have actual or constructive notice of it. The Supreme Court denied the motion, and the Village appeals.
The Village established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged hazardous condition that caused the fall or have actual or constructive notice of it (see Rivera v 2160 Realty Co., L.L.C., 4 NY3d 837 [2005]; Perez v New York City Hous. Auth., 75 AD3d 629 [2010]; Muniz v New York City Hous. Auth., 38 AD3d 628 [2007]). In support of the motion, the Village submitted the deposition testimony and affidavit of its senior maintainer, who was responsible for cleaning the premises. Accord *632 ing to the senior maintainer, when he last inspected the premises on February 17, 2010, between 3:00 and 4:00 p.m., he did not notice any hazardous condition at the top of the subject staircase (see Slintak v Price Chopper Supermarkets, 81 AD3d 808 [2011]; Crapanzano v Balkon Realty Co., 68 AD3d 1042 [2009]). The Village also submitted evidence which demonstrated that it did not receive any complaints about the condition of the top of the subject staircase between the time it was last inspected and the time of the injured plaintiffs accident. In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavits of Christian McGannon and Elizabeth McGannon, wherein they alleged that they slipped and fell on the same staircase four days prior to the accident, failed to raise a triable issue of fact as to whether the condition that had caused them to fall was the same condition that allegedly caused the injured plaintiff to fall (see Barrera v City of New York, 60 AD3d 983, 984 [2009]; Waheed v Valley Stream Cent. High School Dist., 54 AD3d 1028, 1029 [2008]).
Accordingly, the Supreme Court should have granted the Village’s motion for summary judgment dismissing the complaint insofar as asserted against it.
Skelos, J.P., Chambers, Hall and Miller, JJ., concur.