■ SHEILA PHILLIP, Appellant, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER NEW YORK, Respondent. [985 NYS2d 226]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 10, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant met its initial burden of demonstrating lack of notice of the wet condition of the locker room floor where plaintiff allegedly slipped by submitting evidence that it followed its rou-

tine maintenance and inspection procedures, and that the condition was not observed either by defendant's staff when they inspected the area, or by plaintiff and her daughter (*see Warner v Continuum Health Care Partners, Inc.*, 99 AD3d 636, 637 [1st Dept 2012]; *Guttierez v Lenox Hill Neighborhood House*, 4 AD3d 138, 139 [1st Dept 2004]).

Plaintiff's and her daughter's testimony that they had seen water on the floor of the locker room on several other occasions and that the daughter had complained about it demonstrates, at most, that defendant had a general awareness of a wet condition, which is insufficient to raise a triable issue of fact as to notice (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Guttierez*, 4 AD3d at 139; *Gallais-Pradal v YWCA of Brooklyn*, 33 AD3d 660, 660 [2d Dept 2006]). The affidavit of plaintiff's expert was conclusory, and failed to cite any accepted industry practice, standard, code or regulation that was violated by defendant (*see Jones v City of New York*, 32 AD3d 706, 707 [1st Dept 2006]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.