In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Adler, J.), entered October 2, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff, a member of the New York Sports Club facility in Dobbs Ferry, allegedly was injured when she stepped onto a treadmill that another member allegedly vacated but did not turn off. The plaintiff commenced this action, and after the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The defendant argued, among other things, that the plaintiff assumed the risk inherent in using a treadmill and that it did not create or have actual or constructive notice of the alleged dangerous condition, i.e., the vacated and running treadmill. The Supreme Court granted the defendant’s motion on the ground that the plaintiff assumed the risk of injury.
The doctrine of primary assumption of risk provides that a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation (see Morgan v State of New York, 90 NY2d 471, 484 [1997]). This encompasses risks associated with the construction of the playing field, the activity engaged in, and the surface and any open and obvious conditions on it (see Perez v New York City Dept. of Educ., 115 AD3d 921 [2014]). The doctrine has been applied in cases involving injuries sustained in gyms and fitness centers (see Marcano v City of New York, 99 NY2d 548 [2002]; Ramirez v Lucille Roberts Health Clubs, Inc., 110 AD3d 975 [2013]; Baccari v KCOR, Inc., 109 AD3d 856 [2013]). Awareness of the risk of engaging in a *664 particular activity is “to be assessed against the background of the skill and experience of the particular plaintiff’ (Maddox v City of New York, 66 NY2d 270, 278 [1985]). The doctrine, however, does not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (see Morgan v State of New York, 90 NY2d at 485; see also Mussara v Mega Funworks, Inc., 100 AD3d 185 [2012]; Toro v New York Racing Assn., Inc., 95 AD3d 999 [2012]; Joseph v New York Racing Assn., 28 AD3d 105, 108 [2006]; cf. Herman v Lifeplex, LLC, 106 AD3d 1050 [2013]).
In support of its motion, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff, a frequent treadmill user at the facility, had assumed the obvious and inherent risk of her injuries. The plaintiff testified at her deposition that prior to stepping upon the moving treadmill belt, she had been standing beside the subject treadmill for up to two minutes, conversing with a male patron who wanted to use the same machine. The defendant presented evidence that the treadmills at the facility were operated by using “on” and “off’ or “start” and “stop” buttons, and the plaintiff testified that before the day of the subject accident, she exercised at the facility “at least four times a week, if not more,” and that she had used the treadmills at the facility “every day when I could.” As the risks of using a treadmill were obvious and apparent to the plaintiff, she consented to them, and the defendant discharged its duty of care by making the conditions as safe as they appeared to be (see Turcotte v Fell, 68 NY2d 432, 439 [1986]; Perez v New York City Dept. of Educ., 115 AD3d 921 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Therefore, we agree with the Supreme Court that the plaintiff assumed the risk of her injuries and was barred from recovery by the doctrine of primary assumption of risk.
In any event, the defendant also established prima facie that it neither created the alleged dangerous condition nor had actual or constructive notice of it for a sufficient length of time to discover and remedy it. In opposition, the plaintiff failed to raise a triable issue of fact (see Payen v Western Beef Supermarket, 106 AD3d 710 [2013]; Alami v 215 E. 68th St., L.P., 88 AD3d 924, 925 [2011]; Walker v City of New York, 82 AD3d 966, 967 [2011]; Slintak v Price Chopper Supermarkets, 81 AD3d 808 [2011]).
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint.
Dillon, J.E, Dickerson, Cohen and Duffy, JJ., concur.