Ruiz v Stop 1 Gourmet Deli (2020 NY Slip Op 04000)





Ruiz v Stop 1 Gourmet Deli


2020 NY Slip Op 04000


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11841 150224/15

[*1] Myra Ruiz, Plaintiff-Appellant,
v
Stop 1 Gourmet Deli, et al., Defendants-Respondents.


Harnick & Harnick, P.C., New York (Daniel Berke of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Daniel Reiser of counsel), for Stop 1 Gourmet Deli, respondent.
Barry, McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for SHK Realty LLC, respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered April 3, 2019, which, to the extent appealed from as limited by the briefs, granted the cross motion of defendant Stop 1 Gourmet Deli (Stop 1) for summary judgment dismissing the complaint as against it, unanimously reversed, to deny defendant Stop 1's motion for summary judgment and reinstate the complaint as against it, without costs.
Defendant (Stop 1) did not meet its initial burden of demonstrating "that it neither created a hazardous condition, nor had actual or constructive notice of its existence" (Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [1st Dept 2008]), as it made no specific, affirmative showing that it did not have actual or constructive notice of the hazardous condition. Defendants failed to establish their prima facie entitlement to summary judgment as they "failed to offer specific evidence as to their activities on the day of the accident, including evidence indicating the last time [the area in question] was inspected, cleaned, or maintained before [the] fall" (Carter v Double Down Realty Corp., 101 AD3d 506, 506 [1st Dept 2012]). Witness Nashwen Nagi testified that he was not in the bodega at the time of plaintiff's accident because he was on vacation, and did not have any knowledge of the accident until Stop 1 received a letter from plaintiff's lawyer. According to Nagi, Stop 1 did not maintain employment or repair records for the bodega.
The record in any event raises triable issues of fact sufficient for trial, as the affidavit from a nonparty witness presents an issue as to how long before the accident the rain had started.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK