■ SYED AHMED et al., Appellants, v DISPLAY DYE CUTTING, INC., et al., Respondents. (And a Third-Party Action.) [652 NYS2d 29] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 24, 1995, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint, and order of the same court and Justice, entered on or about January 10, 1996, which, insofar as appealable, denied plaintiffs' motion to renew, unanimously affirmed, without costs.

The record supports the finding that neither the injured plaintiff nor the nonparty witness testified at their depositions that the top step where plaintiff fell while picking up two packages was slippery, damaged or otherwise defective in a manner that could have caused plaintiff to fall, nor that any such conditions were the cause of his fall. Even accepting the findings as to the condition of the steps contained in the expert's report and affidavit, based upon an inspection made almost four years

after the accident, there is a failure to demonstrate any causal nexus between those findings and the accident. Nor was such nexus supplied by the sign stating that deliveries were to be made at the rear loading dock of the building, which indicated nothing more than defendants' preference that the rear be used during normal business hours. Plaintiffs' motion to renew, in which he avers for the first time that the steps were slippery, uneven at the top, irregular in depth and inadequately illuminated, was properly denied for failure to explain why these facts were not adduced on the original motion (*see, Foley v Roche,* 68 AD2d 558, 568). Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.