■ KATHLEEN CAMPBELL et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA COMPANY, Doing Business as A&P FOOD STORES, Appellant. [684 NYS2d 572] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated June 2, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs commenced the instant action, *inter alia*, to recover damages for personal injuries which the injured plaintiff allegedly suffered when she slipped and fell on a piece of banana on the floor in the appellant's supermarket. The appellant moved for summary judgment dismissing the complaint on the ground that it neither created nor had actual or constructive notice of the condition. The Supreme Court denied the motion. We reverse.

The appellant made a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Dwoskin v Burger King Corp.*, 249 AD2d 358; *Goldman v Waldbaum, Inc.*, 248 AD2d 436). Therefore, the burden shifted to the plaintiff to show that the appellant either created or had actual or constructive notice of the condition (*see, Bradish v Tank Tech Corp.*, 216 AD2d 505; *Pirillo v Longwood Assocs.*, 179 AD2d 744). The plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact and, consequently, the Supreme Court erred in denying the appellant's motion (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Anderson v Klein's Foods,* 139 AD2d 904, 905, *affd* 73 NY2d 835; *Katsoris v Waldbaum, Inc.,* 241 AD2d 511, 512; *Bernard v Waldbaum, Inc.,* 232 AD2d 596, 597; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280; *Maiorano v Price Chopper Operating Co.,* 221 AD2d 698). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.