■ FRANCIS BOVASSO, III, et al., Appellants, v TOWER 45 LIMITED PARTNERSHIP et al., Respondents. (And Other Actions.) [717 NYS2d 578] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about October 15, 1999, which, in an action by a laborer for personal injuries sustained on a construction site, granted motions by defendant site owners and electrical subcontractor for summary judgment dismissing the complaint and any cross claims as against them, unanimously affirmed, without costs.

Plaintiff, a mechanical/electrical field superintendent employed by the general contractor, claims that the site's construction managers, agents of the site's owners, directed him to inspect a louver mechanism that was suspected to be the cause of failure of the building's smoke purge system in a Fire Department test of the building's fire safety system. The louver was recessed in the ceiling on an upper floor. After making the inspection, plaintiff climbed down the ladder he used to access the louver, and, after taking two steps, was hit in the head by a ceiling access door that suddenly swung downwards. It was not the same ceiling access door that plaintiff had used

to inspect the louver. Plaintiff later learned that the reason the smoke purge system failed was because an exhaust fan that defendant electrical subcontractor was supposed to have installed on the roof was still resting on the roof in its original shipping crate. The ceiling access door that injured plaintiff was installed by another subcontractor who is not a party hereto. Plaintiff claims that the electrical subcontractor should be held liable in negligence because if it had installed the exhaust fan as it should have, the smoke purge system would have worked, and if the smoke purge system had worked, he would not have been directed to inspect the louver. Similarly, as against the site owners, plaintiff claims that if their construction manager agents had inspected the building's fire safety system as they should have before the Fire Department test, they would have known that the exhaust fan on the roof had not been installed, and if they had known that the exhaust fan had not been installed, they would not have directed plaintiff to inspect the louver. These claims were properly rejected by the IAS Court on the grounds that plaintiff's injury was caused by a defect in the ceiling access door that unexpectedly swung open and that there was no evidence that defendants had any kind of notice of such defect. Stated another way, defendants' alleged negligence in failing to install and inspect the exhaust fan was not a proximate cause of plaintiff's injury. Plaintiff's Labor Law § 241 (6) claim against the site owners was also properly dismissed for failure to show that a violation of a specific safety regulation was the reason for the ceiling access door suddenly swinging open (*see, Colon v Lehrer, McGovern & Bovis*, 259 AD2d 417, 418-419). Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.