■ WALTER IRONS, Appellant, v FOUR T. ASSOCIATES, LLC, Defendant, and MAYFAIR SUPERMARKETS, INC., Doing Business as EDWARDS SUPER FOOD STORE, Respondent. [740 NYS2d 446] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 26, 2001, as granted the motion of the defendant Mayfair Supermarkets, Inc., doing business as Edwards Super Food Store for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff tripped and fell after his foot got caught on what he described as a detached portion of a "rubber bumper." The rubber bumper was part of a long, narrow strip of rubber which was wrapped around the circumference of a circular brick planter located next to the supermarket operated by the defendant Mayfair Supermarkets, Inc., doing business as Edwards Super Food Store (hereinafter Mayfair).

We agree with the Supreme Court that Mayfair was entitled to summary judgment. The affidavit of the supermarket manager asserted that Mayfair had no actual notice of the detached rubber bumper prior to the accident, and that the manager observed the detached rubber bumper at some unspecified point after the accident, whereupon it was immediately removed. This affidavit, together with the other evidence submitted in support of the motion, demonstrated an absence of notice as a matter of law. In opposition to this prima facie showing, the plaintiff had the burden of producing evidence demonstrating the existence of a triable issue of fact (*see Campbell v Great Atl. & Pac. Tea Co.,* 257 AD2d 642). The plaintiff failed to meet this burden. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.