■ Maria Rivas, Plaintiff, v 525 Building Co., LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. Golden Mark Maintenance, Ltd., Third-Party Defendant-Appellant. [760 NYS2d 539] —In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Hall, J.), dated January 10, 2003, as granted the motion of the defendants third-party plaintiffs for leave to renew, and upon renewal, in effect, denied that branch of its prior motion which was for summary judgment dismissing the first cause of action in the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon renewal, in effect, denied that branch of the appellant's motion which was for summary judgment dismissing the first cause of action in the third-party complaint, and substituting therefor a provision adhering to the original determination contained in an order of the same court dated November 19, 2001, as modified by this Court in its decision and order dated April 29, 2002, granting that branch of that motion; as so modified, the order is affirmed insofar as appealed from, and the first cause of action in the third-party complaint is dismissed.

On a prior appeal in this case, this Court granted that branch of a motion of the third-party defendant, Golden Mark Maintenance, Ltd. (hereinafter Golden Mark), which was for summary judgment dismissing the first cause of action in the third-party complaint based on equitable contribution and common-law indemnification (*see Rivas v 525 Bldg. Co.,* 293 AD2d 733 [2002]). We stated, in part, "Golden Mark is entitled to summary judgment in light of the fact that, in response to a prima facie showing of a right to judgment as a matter of law, the opponents of its motion produced no evidence demonstrating an issue of fact as to whether Golden Mark failed to perform or negligently performed its [maintenance] contract, or as to whether Golden Mark created the condition in question, or had actual or constructive notice of it (*see e.g. Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Piacquadio v Recine Realty Corp.,* 84 NY2d 967 [1994]; *Engel v Eichler,* [290 AD2d 477] [2002]; *Murphy v M.B. Real Estate Dev. Corp.,* [280 AD2d 457] [2001])" (*Rivas v 525 Bldg. Co., supra* at 734-735).

Upon granting the motion of the defendants third-party plaintiffs (hereinafter the third-party plaintiffs) for leave to renew, the Supreme Court erred in denying that branch of the third-party defendant's motion which was for summary judgment dismissing the first cause of action in the third-party complaint. The new evidence discovered after the date of the order reviewed in *Rivas v 525 Bldg. Co. (supra),* revealed that, during the course of a subsequent deposition, the officer of Golden Mark who had earlier averred in support of the original motion that no Golden Mark employee had received actual notice of the puddle that allegedly caused the plaintiff to fall, made this averment without first questioning every Golden Mark employee that might conceivably have received such notice. This did not warrant the denial of that branch of the third-party defendant's motion which was for summary judgment dismissing the first cause of action in the third-party complaint.

An averment by a manager or supervisor employed by a defendant responsible for the maintenance of premises as to his or her own lack of prior actual notice of a particular condition claimed to have existed on such premises is generally sufficient to constitute a prima facie showing that such defendant lacked prior actual notice of the condition in question (*see Grant v Radamar Meat,* 294 AD2d 398 [2002]; *Irons v Four T. Assoc.,* 293 AD2d 652 [2002]). Contrary to the third-party plaintiffs' contention, such an institutional defendant may make a prima facie showing of a right to summary judgment in a premises liability action based on the absence of actual or constructive notice without the necessity of producing proof that every one of its employees who might conceivably have received notice of the condition in question had been questioned, and had denied receipt of such notice. In any event, a prima facie case of nonliability was independently established by the testimony of a representative of the third-party plaintiff 525 Building Co., LLC, that his inspection of the area after the accident revealed that there was no water on the bathroom floor, and that he saw nothing "out of the ordinary" (*see Rivas v 525 Bldg. Co., supra* at 734).

Once such a prima facie showing has been made, the burden shifts to the opponent of the motion to produce evidence demonstrating the existence of an issue of fact as to the existence of actual notice (*see Grant v Radamar Meat, supra; Irons v Four T. Assoc., supra*). The third-party plaintiffs in this case failed to submit any such evidence.

The mere fact that Golden Mark was contractually obligated to clean the bathrooms nightly, or that a Golden Mark employee might have been on duty on the morning of the accident, does not raise an issue of fact as to whether a Golden Mark employee created the condition complained of by the plaintiff (*see e.g. Sanchez v Delgado Travel Agency,* 279 AD2d 623 [2001]; *Spagnola v Trump Taj Mahal,* 261 AD2d 604 [1999]; *cf. Healy v ARP Cable,* 299 AD2d 152 [2002]). Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.