■ MITCHELL KRAELING et al., Respondents, v LEADING EDGE ELECTRIC, Defendant and Third-Party Plaintiff-Appellant. CBF MANAGING CORP., Third-Party Defendant; ROSEGAY HOLDING CORP. et al., Third-Party Defendants-Respondents. [770 NYS2d 382]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated August 5, 2002, which denied its motion, inter alia, for summary judgment dismissing the complaint and granted the cross motion of the third-party defendants Rosegay Holding Corp. and Jerome J. Rosenberg for summary judgment dismissing the third-party complaint insofar as asserted against them, and (2) an order of the same court dated March 10, 2003, which denied its motion for leave to renew the cross motion of the third-party defendants Rosegay Holding Corp. and Jerome J. Rosenberg.

Ordered that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Mitchell Kraeling allegedly was injured when he hit his head on a partially-rolled down security gate which was being repaired by the defendant third-party plaintiff, Leading Edge Electric (hereinafter Leading Edge). Leading Edge contends that its motion, inter alia, for summary judgment dismissing the complaint should have been granted because the position of the gate was open and obvious. However, whether the position of the gate was open and obvious presents a triable issue of fact which goes only to the injured plaintiff's comparative culpability (*see Cupo v Karfunkel,* 2 AD3d 48 [ 2003]; *Acevedo v Camac,* 293 AD2d 430 [2002]; *Chambers v Maury Povich Show,* 285 AD2d 440 [2001]).

The Supreme Court properly granted the cross motion of the third-party defendants Rosegay Holding Corp. and Jerome J. Rosenberg (hereinafter the Rosenbergs) for summary judgment dismissing the third-party complaint insofar as asserted against them. The Rosenbergs established their entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the allegedly dangerous condition. Leading Edge failed to raise a triable issue of fact in opposition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Irons v Four T. Assoc.,* 293 AD2d 652 [2002]; *Chemont v Pathmark Supermarkets,* 279 AD2d 545 [2001]; *Seneglia v FPL Foods,* 273 AD2d 221 [2000]; *Campbell v Great Atl. & Pac. Tea Co.,* 257 AD2d 642 [1999]; *Dwoskin v Burger King Corp.,* 249 AD2d 358 [1998]). In opposition to the Rosenbergs' motion for summary judgment, Leading Edge also failed to show that it had an inadequate op-

portunity to conduct discovery, and failed to specify what facts, necessary to oppose the motion, were uniquely in the Rosenbergs' possession (*see* CPLR 3212 [f]; *Miller v City of New York,* 277 AD2d 363, 364 [2000]; *Adelstein v Waterview Towers,* 250 AD2d 790, 791 [1998]; *Greenberg v McLaughlin,* 242 AD2d 603, 604 [1997]; *Delaney v Good Samaritan Hosp.,* 204 AD2d 678 [1994]; *Home Sav. Bank v Arthurkill Assoc.,* 173 AD2d 776 [1991]; *Kracker v Spartan Chem. Co.,* 183 AD2d 810, 813 [1992]; *Hecht v Vanderbilt Assoc.,* 141 AD2d 696, 700 [1988]).

Additionally, the Supreme Court providently exercised its discretion in denying the motion of Leading Edge for leave to renew, as Leading Edge propounded no reasonable excuse for failing to elicit, during discovery, the new facts upon which it relied (*see Matter of Shapiro v State of New York,* 259 AD2d 753 [1999]). In any event, there is no support in the record for the contention of Leading Edge, made in connection with its motion for leave to renew, that the non-uniform rise of the steps comprising the staircase, or any alleged violation of the New York City Building Code arising from the placement and configuration of the steps, proximately caused the injured plaintiff to strike his head on the gate (*see Ahmed v Display Dye Cutting,* 235 AD2d 257 [1997]; *Barnes v Park Cong. Church,* 145 AD2d 889 [1988]; *see also Bovasso v Tower 45 Ltd. Partnership,* 278 AD2d 79 [2000]). Therefore, the result would have been no different had the Supreme Court considered those new facts (*see Amodeo v State of New York,* 257 AD2d 748, 749 [1999]; *see also Suffolk & Nassau Amusement Co. v Wurlitzer Co.,* 24 AD2d 893, 894 [1965]). McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.