■ DOREEN RHODES, Respondent, v CITY OF NEW YORK et al., Defendants, and VIACOM, Formerly Known as INFINITY OUTDOOR, Appellant. VIACOM OUTDOOR, INC., Third-Party Plaintiff-Appellant, v SHELTER EXPRESS CORP., Third-Party Defendant. [931 NYS2d 595]—

This action arises out of an incident in June 2004, where plaintiff allegedly fell after exiting a bus. Plaintiff testified that her foot became stuck in a hole in the sidewalk located at the bus shelter, but she did not observe anything before she fell because she was looking straight ahead. At the time of plaintiff's accident, Viacom was a party to a franchise agreement with the City to install, maintain, repair and operate bus shelters in New York City. Viacom entered into a separate agreement with third-party defendant Shelter Express to maintain and clean the bus shelters.

Plaintiff explained that she had taken the same bus route to work for the past three years, and had not noticed the hole. She did not make any complaints about the sidewalk conditions at the bus shelter and was unaware of anyone else making any complaints. In support of the motion for summary judgment, Viacom submitted an affidavit from Glen Herskowitz, a manager whose responsibilities at the time of this accident included overseeing the maintenance and servicing of the bus shelters. Mr. Herskowitz confirmed that he had searched all the records maintained by Viacom and that there was no record of any prior complaints with respect to the brick work at the shelter prior to plaintiff's accident. He further explained that there was no documentation that Viacom had ever been placed on notice of the alleged defective condition before plaintiff fell.

In response to Viacom's motion, plaintiff submitted an affidavit from a professional engineer who stated that he had inspected the sidewalk where the bus shelter stood and reviewed photographs of the location as it appeared at or about the time of the incident. He opined that the bus shelter was improperly installed and that due to this improper installation, the brick tiles immediately next to and around the front leg of the shelter separated and came loose. He further opined that it appeared that there was an improper repair and that "vibrations and shifting of the stand" caused stones adjacent to the tiles to become loose and to be ejected.

The motion court dismissed the complaint as against Viacom, noting there was no evidence that Viacom created or had any notice of the defect. The motion court found the affidavit of plaintiff's expert insufficient to raise an issue of fact, because it did not indicate when the expert inspected the shelter and it was dated over four years after the accident.

Plaintiff moved to renew and reargue. In the reply papers submitted on that motion, plaintiff attached an amended affidavit of her expert, which stated that the inspection took place on January 29, 2010, five years after the date of the accident. The motion court granted the motion to reargue and, upon reargument, denied Viacom's motion for summary judgment. The court concluded that the amended expert affidavit raised an issue of fact as to whether the bus shelter was negligently installed.

We have held that "[a]rguments advanced for the first time in reply papers are entitled to no consideration by a court entertaining a summary judgment motion" (*Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626 [1995]). Thus, the motion court should not have considered the amended affidavit, which was improperly submitted for the first time in reply papers on the motion to renew (*De La Cruz v Lettera Sign & Elec. Co.*, 77 AD3d 566, 566 [2010]). Plaintiff cannot argue that the information contained in the amended affidavit did not exist at the time the original motion papers were filed, and thus there were no new facts on which a motion to renew could be made (CPLR 2221 [e] [2]). Moreover, plaintiff offered no reasonable excuse for the failure to include the date of the inspection in the original opposition papers (*see Ahmed v Display Dye Cutting*, 235 AD2d 257 [1997]).

However, we find that summary judgment was correctly denied on reargument because issues of fact exist, including whether Viacom created the alleged dangerous condition by negligently installing the bus shelter (*see Patterson v New York*

*City Tr. Auth.*, 5 AD3d 454, 455 [2004] ["notice need not be proven where a defendant is responsible for creating the allegedly dangerous condition"]). In his original affidavit, plaintiff's expert opines that the shelter was negligently installed because it was fixed in the earth with no additional support and covered with brick paving tiles. According to the expert, as a result of the improper installation, the tiles became loose and broke apart.

In response, Viacom did not submit an expert affidavit to refute plaintiff's expert's conclusions. In its reply papers below, Viacom's counsel states that Shelter installed the bus shelter, but no documentary or testimonial evidence was submitted by Viacom to support that contention. In any event, Viacom's claim merely raises issues of fact since under the franchise agreement, Viacom was responsible for installing the shelter. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.