Deutsche Bank Natl. Trust Co. v Gordon (2020 NY Slip Op 01598)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Deutsche Bank Natl. Trust Co. v Gordon

2020 NY Slip Op 01598

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-05118
(Index No. 3762/14)

[*1]Deutsche Bank National Trust Company, etc., respondent,
vMaris Gordon, et al., appellants, et al., defendants.

Law Office of Jason S. Matuskiewicz, P.C., Brooklyn, NY, for appellants.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maris Gordon and Peter Gordon appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered February 22, 2018. The order, insofar as appealed from, after a hearing, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff commenced this action against the defendants Maris Gordon and Peter Gordon (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Mineola. The defendants interposed an answer in which they raised affirmative defenses, including lack of standing. The plaintiff moved twice for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. After denying the two motions for failure to establish, prima facie, that the plaintiff had standing, the Supreme Court ordered a framed issue evidentiary hearing to determine the issue. After hearing the testimony and considering the evidence submitted at the hearing, the court found, in an oral determination from the bench, that the plaintiff was the holder of the note "prior to and at the time the foreclosure action was commenced." Thereafter, the plaintiff moved, for a third time, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The court granted the motion. The defendants appeal.
A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; U.S. Bank N.A. v Handler, 140 AD3d 948, 949). Either a written assignment of the underlying note or the physical delivery of the note, properly endorsed, is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; U.S. Bank Trust, N.A. v O'Driscoll, 168 AD3d 783, 784-785; Deutsche Bank Natl. Trust Co. v Iarrobino, 159 AD3d 670, 672). Testimony from the loan's servicer may be used to establish standing (see U.S. Bank Trust, N.A. v O'Driscoll, 168 AD3d at 785; U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261-1262).
Contrary to the defendants' contentions, the plaintiff established that it had standing to commence this action by virtue of its actual possession of the subject note properly endorsed at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; see also Citibank, N.A. v Cabrera, 130 AD3d 861).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
RIVERA, J.P., MALTESE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court