Wells Fargo Bank, N.A. v Harrison (2020 NY Slip Op 07124)





Wells Fargo Bank, N.A. v Harrison


2020 NY Slip Op 07124


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-12056
 (Index No. 69968/14)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Simon Harrison, et al., appellants, et al., defendants.


David Lee Heller, Sag Harbor, NY, for appellants.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Simon Harrison and Stephanie E. Harrison appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Robert E. Quinlan, J.), entered August 8, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated November 27, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Simon Harrison and Stephanie E. Harrison, to strike those defendants' answer, and for an order of reference, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On December 5, 2006, the defendant Simon Harrison executed a note in the sum of $1,000,000 in favor of Mortgage Lenders Network USA, Inc. The note was secured by a mortgage on residential property located in Sag Harbor. The note was delivered to the plaintiff on February 12, 2014.
On November 21, 2014, the plaintiff commenced this action, inter alia, to foreclose the mortgage against, among others, Simon Harrison and the defendant Stephanie E. Harrison (hereinafter together the Harrison defendants), who owned the property with Simon Harrison but was not a party to the note. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Harrison defendants, to strike their answer, and for an order of reference. In an order dated November 27, 2017, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. Subsequently, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The motion was unopposed. In an order and judgment of foreclosure and sale entered August 8, 2018, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The Harrison defendants appeal from the order and judgment of foreclosure and sale.
Although the order and judgment of foreclosure and sale was entered upon the default of the Harrison defendants, the Harrison defendants may obtain review of "matters which were the subject of contest below" (James v Powell, 19 NY2d 249, 256 n 3; see Wells Fargo Bank, N.A. v Davis, 181 AD3d 890; Hegarty v Ballee, 18 AD3d 706, 706). The Harrison defendants opposed the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them, which the Supreme Court granted in the order dated November 27, 2017. Thus, appellate review of the order dated November 27, 2017, is permitted.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). Additionally, where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank N.A. v Mezrahi, 169 AD3d at 953; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; U.S. Bank N.A. v Mezrahi, 169 AD3d at 953). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; U.S. Bank N.A. v Mezrahi, 169 AD3d at 953).
Here, the plaintiff met its prima facie burden by producing the underlying mortgage, the unpaid note, and evidence of default (see Capital One, N.A. v McComb, 180 AD3d 743, 744; Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793, 793). Further, the plaintiff established, prima facie, that it had standing to commence this action by virtue of its actual possession of the subject note properly endorsed at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Gordon, 181 AD3d 645; Aurora Loan Servs., LLC v Taylor, 114 AD3d at 628). In opposition, the Harrison defendants failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the Harrison defendants, to strike their answer, and for an order of reference.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court