Wells Fargo Bank, N.A. v Barry (2020 NY Slip Op 08105)





Wells Fargo Bank, N.A. v Barry


2020 NY Slip Op 08105


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-09497
2020-09018
 (Index No. 2841/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Carol Barry, et al., appellants, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellants.
Hogan Lovells US LLP (Reed Smith LLP, New York, NY [Andrew B. Messite, Brenda Beauchamp Ward, and James N. Faller], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Carol Barry, Leila Barry, and Sean Pilgrim appeal from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated April 23, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol Barry, Leila Barry, and Sean Pilgrim, to strike those defendants' affirmative defenses alleging lack of standing and a failure to comply with RPAPL 1304, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol Barry, Leila Barry, and Sean Pilgrim, to strike those defendants' affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol Barry, Leila Barry, and Sean Pilgrim, to strike those defendants' affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff, is vacated; and it is further,
ORDERED that the appeal from so much of the second order as as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol Barry, Leila Barry, and Sean Pilgrim, to strike those defendants' affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Carol Barry, Leila Barry, and Sean Pilgrim.
In February 2013, the plaintiff, Wells Fargo Bank, N.A., commenced this mortgage foreclosure action against, among others, the defendants Carol Barry, Leila Barry, and Sean Pilgrim (hereinafter collectively the defendants). The defendants interposed an answer in which they asserted, among other things, the affirmative defenses that the plaintiff lacked standing and failed to comply with RPAPL 1304. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' affirmative defenses alleging lack of standing and a failure to comply with RPAPL 1304, and for an order of reference. The Supreme Court, inter alia, granted these branches of the plaintiff's motion in two orders, both dated April 23, 2018. The defendants appeal.
"A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced" (Deutsche Bank Natl. Trust Co. v Gordon, 181 AD3d 645, 646; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). Here, contrary to the defendants' contentions, the plaintiff established, prima facie, that it had standing to commence this action by virtue of its actual possession of the note when the action was commenced (see Deutsche Bank Natl. Trust Co v Gordon, 181 AD3d at 646). In opposition, the defendants failed to raise a triable issue of fact.
However, contrary to the Supreme Court's determination, the plaintiff did not establish, prima facie, that it complied with the mailing requirements for notices pursuant to RPAPL 1304 (see RPAPL 1304; Deutsche Bank Natl. Trust Co. v Nelson, 183 AD3d 557, 559; LNV Corp. v Sofer, 171 AD3d 1033, 1036). Accordingly, the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' contention that the plaintiff's summary judgment motion was premature is without merit (see Kraeling v Leading Edge Elec., 2 AD3d 789, 790-791; Delaney v Good Samaritan Hosp., 204 AD2d 678, 678-679).
The defendants' remaining contention need not be reached in light of our determination.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court