Ferguson v Durst Pyramid, LLC (2022 NY Slip Op 03210)

Ferguson v Durst Pyramid, LLC

2022 NY Slip Op 03210

Decided on May 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 

Index No. 161274/14 Appeal No. 15945 Case No. 2021-01635 

[*1]Shondel Ferguson et al., Plaintiffs-Respondents,
v
Durst Pyramid, LLC et al., Defendants-Appellants.

Cullen and Dykman LLP, New York (Adrienne Yaron of counsel), for appellants.
Sacks and Sacks LLP, New York (Scott Singer of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about April 9, 2021, which denied defendants' motion to renew their cross motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims and their opposition to plaintiffs' motion for summary judgment as to liability on those claims, denied defendants' motion to renew their motion to vacate the note of issue and compel the deposition of nonparty witness Carl Fumia and discovery as to damages, granted plaintiffs' motion to quash the subpoena for Fumia's deposition, and denied defendants' cross motion to compel Fumia's deposition, unanimously modified, on the law, to grant defendants' motion to renew their motion to vacate the note of issue to the extent of reopening discovery to compel production of outstanding discovery on damages, and otherwise affirmed, without costs.
Even assuming defendants exercised due diligence in producing the new facts in support of their motion to renew the parties' motions for summary judgment as to the Labor Law §§ 240(1) and 241(6) claims after the prior appeal (see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]; CPLR 2221[e]), they failed to offer reasonable justification for their failure to present those facts on the prior motions (see CPLR 2221[e][3]). Defendants contend that plaintiffs' submission of Fumia's affidavit on reply deprived them of the opportunity to refute it. However, they never sought to depose Fumia despite being aware for two years prior to plaintiffs' filing of the note of issue that he was a potential witness, and did not explain why they could not have rebutted his affidavit in reply on their summary judgment cross-motion.
In any event, the new information would not change this Court's prior determination (see Ferguson v Durst Pyramid, LLC, 178 AD3d 634 [1st Dept 2019]; CPLR 2221[e][2]). The evidence is not inconsistent with the material information in Fumia's affidavit that provided the basis for this Court's rejection of defendants' sole proximate cause defense (see Stone v Bridgehampton Race Circuit, 244 AD2d 403 [2d Dept 1997], lv dismissed 92 NY2d 846 [1998]). Fumia's incorrect claim that he was the foreman on the day of the accident does not undermine the fact that he witnessed the accident and was familiar with the conditions at the worksite. The fact that Fumia was represented by plaintiffs' counsel in his own lawsuit arising from a different workplace accident has little bearing on the factual issues in this case and is insufficient to raise questions as to his credibility. The affidavit by defendant Hunter Roberts's senior superintendent was improperly submitted for the first time in reply on the motion to renew, and defendants failed to explain why this information was previously unavailable (see Rhodes v City of New York, 88 AD3d 614, 615 [1st Dept 2011]).
In view of the foregoing, defendants' motion to renew their motion to vacate the note of issue [*2]and to depose Fumia was properly denied, plaintiffs' motion to quash the subpoena for Fumia's deposition was properly granted, and defendants' cross motion to compel such deposition was properly denied.
However, defendants' motion to renew their motion to vacate the note of issue and compel outstanding discovery on damages should be granted. The motion court denied the motion as moot in light of its dismissal of the complaint. This Court's reinstatement of the Labor Law claims on appeal (see Ferguson, 178 AD3d at 635) revives the issue of damages. The requested authorizations seek relevant information, and plaintiffs have not adequately refuted defendants' entitlement to them. Accordingly, to the extent the authorizations have not been submitted, defendants are entitled to the requested authorizations for Social Security, Medicare, and IRS records, for new medical providers, for the records of the "correct Local 580 entity" from which plaintiffs' expert obtained wage/benefit documents for the expert report, for the injured plaintiff's preexisting medical conditions to the extent those conditions bear directly on the claimed injuries to his left arm and shoulder (see Brito v Gomez, 33 NY3d 1126 [2019]; Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]), and for access to plaintiffs' social media accounts for post-accident photographs of social and recreational activities (see Forman v Henkin, 30 NY3d 656, 666-667 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022