Pimentel v DE Frgt. LLC (2022 NY Slip Op 03353)





Pimentel v DE Frgt. LLC


2022 NY Slip Op 03353


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 161075/17, 595883/18, 595289/20 Appeal No. 15995-15996 Case No. 2021-00874, 2020-04565 

[*1]Francisco Pimentel, Plaintiff-Respondent,
v
DE Freight LLC, Defendant-Respondent, Namor Realty Company L.L.C., Defendant-Appellant-Respondent, Archstone Builders LLC, Defendant.
Namor Realty Company L.L.C., Third-Party Plaintiff-Appellant-Respondent,
v
Transel Elevator and Electric Inc., Doing Business as T.E.I. Group, Third-Party Defendant-Respondent-Appellant.
DE Freight LLC, Second Third-Party Plaintiff-Respondent,
v
Ed Truck Service, Inc., Second Third-Party Defendant.


Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Transel Elevator and Electric Inc., respondent-appellant.
Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for DeFreight LLC, respondent.
Michael H. Zhu, PC, New York (Michael H. Zhu of counsel), for Francisco Pimentel, respondent.



Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 12, 2020 and February 22, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim as against defendant/third-party plaintiff Namor Realty Company L.L.C., denied defendant DE Freight LLC's motion for summary judgment dismissing plaintiff's common-law negligence claim as against it, denied third-party defendant Transel Elevator and Electric Inc.'s (TEI) motion for summary judgment dismissing Namor's contractual indemnification claim against it, granted Namor's motion for summary judgment on its contractual indemnification claim against TEI, and denied the motion insofar as it sought summary judgment on its breach of contract claim for failure to procure insurance against TEI and on its common-law indemnification and contribution claims against DE Freight, and granted TEI's motion for a protective order striking Namor's notice to admit, unanimously affirmed, without costs.
Plaintiff, an elevator constructor working for TEI, alleges that he was injured as he stood on the lift gate of a DE Freight delivery truck, in order to stabilize 400 pounds of elevator equipment as it was being lowered to the ground. According to plaintiff, as the lift gate descended, it collapsed to the ground, causing him to fall backwards onto the street. About two weeks before the accident, plaintiff's supervisor had sent the truck away from the work site because the lift gate was rusted, and DE Freight sent the truck to get repaired, though DE Freight's representative testified that he was not sure what repairs were done. After the repairs, DE Freight inspected the truck by putting heavy toolboxes on the lift gate and raising it to ensure that it was sound.
Supreme Court correctly awarded plaintiff summary judgment on the issue of liability on his Labor Law § 240(1) claim as against Namor, the owner of the property at which his accident occurred. Plaintiff's work exposed him to an elevation-related hazard for which the device provided — here, the lift gate of DE Freight's truck — was inadequate (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]).
We reject Namor's and TEI's arguments that they are entitled to summary judgment because plaintiff should not have been standing on the lift gate and should have instead used a nearby available ladder. Those arguments amount at most to an assertion of comparative negligence, which is not a viable defense to a Labor Law § 240(1) claim (see Morales v 2400 Ryer Ave. Realty, LLC, 190 AD3d 647, 648 [1st Dept 2021]). Moreover, contrary to defendants' arguments, a four-to-five-foot fall is not categorically excluded from the kinds of accidents that may give rise to Labor Law § 240(1) liability (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 338-339 [2011]). In view of our determination on § 240(1) liability, the issue of Namor's [*2]liability to plaintiff under Labor Law § 241(6) is academic (see Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]).
Supreme Court correctly denied DE Freight's motion for summary judgment dismissing plaintiff's common-law negligence claims as against it. Contrary to DE Freight's assertions, plaintiff's withdrawal of his Labor Law § 200 claim as against it does not necessarily entail the dismissal of his common-law negligence claim. To be sure, DE Freight was neither an owner, a general contractor, nor a statutory agent of an owner or general contractor, and for that reason, the Labor Law § 200 claim against it could not stand (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). However, like any other entity, DE Freight may still be liable in common-law negligence for dangerous or defective conditions that it fails to remedy despite having actual or constructive notice of those conditions, and it failed to establish prima facie that it lacked constructive notice of any defect in the truck's lift gate after having sent it for repairs (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Pereira v New Sch., 148 AD3d 410, 412-413 [1st Dept 2017]). Rather, DE Freight merely pointed to gaps in plaintiff's and other parties' proof, which was insufficient to meet its initial burden on its motion (see Kolakowski v 10839 Assoc., 185 AD3d 427, 428 [1st Dept 2020]).
Supreme Court correctly denied summary judgment to TEI dismissing Namor's contractual indemnification claim against it, and correctly granted summary judgment in Namor's favor on that claim against TEI. The indemnification clause in TEI's contract with Namor requires TEI to indemnify Namor "to the fullest extent permitted by law" against "any and all claims . . . actually or allegedly arising out of or related to [TEI's] work or the work of any subcontractor retained by [TEI]." Such a broad indemnification agreement is triggered solely by virtue of an accident occurring in the course of the employee's work (see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 418 [1st Dept 2021]). Accordingly, and because no party contests the dismissal of plaintiff's Labor Law § 200 and common-law negligence claims as against Namor, Namor established its freedom from active negligence, and therefore was entitled to contractual indemnification from TEI.
Namor's argument that TEI failed to procure an automobile liability insurance policy, as required by the contract between Namor and TEI, was improperly raised for the first time in reply papers in Supreme Court; therefore, the issue was not preserved for the purpose of this motion (see Holloman v American United Transp. Inc., 162 AD3d 423, 424 [1st Dept 2018]; Rhodes v City of New York, 88 AD3d 614, 615 [1st Dept 2011]). Namor also was not entitled to common-law indemnification from DE Freight because DE Freight's negligence has not yet been established as a matter of law (see Naughton v City of New York, 94 AD3d 1[*3], 10-11 [1st Dept 2012]). For the same reason, Namor was not entitled to contribution from DE Freight (cf. Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646 [1988]).
Finally, Namor's notice to admit, which was stricken by the protective order obtained by TEI, pertained to the authenticity of the contract between Namor and TEI. Since we have resolved that issue by holding that Namor was properly awarded summary judgment on its contractual indemnification claim against TEI, and because
no party contests the validity of the contract with regard to that claim, the question of whether TEI was properly granted a protective order striking Namor's notice to admit is moot.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022